Thomas GUNTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 40809.

Court of Criminal Appeals of Texas.

Dec. 6, 1967.

Stokes, Carnahan & Fields, by Robert N. Carnahan, Amarillo, for appellant.

Gene Compton, Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 25 years.

The sole ground of error set forth in appellant's brief is: "The trial court erred in admitting into evidence a purported confession of the defendant taken from him at a time when he had been appointed counsel, and when he had asked for his counsel, but when his counsel was not obtained, nor was present."

The confession admitted in evidence following a hearing before the court, in the jury's absence, sets out the following warning:

"I have been informed of the accusation against me and of the affidavit filed therewith. I understand what crime I am accused of committing, and I have been informed of my right to an examining trial, which I waived when I appeared before Justice Cliff Roberts on the morning of January 20, 1967. I have been warned in clear and understandable terms that I have the right to remain silent and by waiving this right, everything said by me can and will be used against me in court.

"I have been warned in clear and understandable terms that I have the right to the presence of an attorney retained by me and that Mr. Robert Carnahan, attorney, was appointed for me on the morning of January 20th, 1967 and that I may have such attorney present prior to any questioning and during all periods of questioning. I hereby waive the right to have Mr. Carnahan present.

"I understand that I cannot be questioned unless I agree to be questioned and that even though I may have consented to questioning and have answered some questions or volunteered some statements, if I indicate in any manner and at any time that I want to consult with my attorney, or that I do not wish to be questioned or interrogated; such questioning or interrogation must stop immediately.

"I understand that I can waive all of the above rights, if I so desire and at this time I do expressly, voluntarily, knowingly, and intelligently waive my right to talk to Mr. Robert Carnahan and I further state that I have waived an examining trial which was offered to me

by Mr. Cliff Roberts and I do agree to answer questions and make a statement.

"I also state that I have been warned by Deputy Stony Jackson, the person to whom this statement is given that:

"1. I do not have to make any statement at all,

"2. Any statement made by me will be used in evidence against me on my trial for the offense concerning which this statement is made.

"After which I make the following statement:"

After hearing the testimony of Deputy Sheriff Stony Jackson, Justice of the Peace Cliff Roberts, District Attorney Gene Compton and appellant, the trial judge resolved the issue of fact and made the following findings which are supported by the evidence adduced before him at the hearing.

"1. That the defendant, Thomas Gunter, was arrested on a warrant of arrest at approximately 8:00 P.M. by Potter County Sheriff Deputies Jackson and McCarty in Amarillo, Texas, on January 19, 1967;

"2. That said arresting officers transported the defendant to the Potter County jail where he was incarcerated the same evening;

"3. On the morning of January 20, 1967, at approximately 9:00 A.M., the defendant was transported by Sheriff's Deputy Jackson from Potter County jail to the courtroom of Justice of the Peace, Cliff Roberts, who presides over the Justice of the Peace Court, Precinct One, Place Two in and for Potter County, Texas;

"4. At such arraignment and in such courtroom, in open court, Judge Cliff Roberts, Judge of such Justice Court and a magistrate, advised said defendant that he did not have to make any statement at all, that any statement he made would be used in evidence against him, that he could retain and call a lawyer if he desired, and that if he wanted him to, he the said Judge, would call a lawyer and appoint him a lawyer, and in fact the defendant did request the appointment of counsel, and the Honorable Robert N. Carnahan, practicing attorney of the Amarillo Bar Association, was called to court and was formally appointed to represent the defendant; that the said Cliff Roberts, Judge of said Court, further advised the defendant of the accusations against him and of any affidavit filed therewith, and that the defendant could have an examining trial if he so desired. Cliff Roberts, Judge of the Justice of the Peace Court, Precinct One, Place Two, in and for Potter County, Texas further allowed the defendant reasonable time and opportunity to consult with his counsel, and set bond on the morning of January 20, 1967 at said arraignment;

"5. Thereafter, on the 24th day of January, 1967, the defendant stated to the Potter County jailer that he wanted to talk with Sheriff Deputy Jackson, and in response to said request, defendant was brought from the upper portion of the jail to the ground floor of the Potter County Sheriff's Office, where Sheriff Deputy Jackson was. Sheriff Deputy Jackson at such time first retold the defendant that he did not have to make any statement to him or to anyone else and that any statement made by the defendant would be used against him and Deputy Jackson further warned the defendant as is set out more fully on page one of State's Exhibit No. 1;

"6. Thereupon the defendant voluntarily disclosed to Deputy Jackson certain facts implicating himself in the offense of which he was charged and shortly thereafter defendant was brought to the office of the Potter County District Attorney;

"7. Whereupon Sheriff Deputy Jackson informed district attorney Gene Compton that the defendant desired to make a

voluntary written statement concerning the offense with which he was accused;

"8. Thereupon Gene Compton called Justice of the Peace, Cliff Roberts to inquire as to whether or not the defendant had been given the statutory warning by a magistrate as required by the Texas Code of Criminal Procedure and whether or not counsel had been appointed, whereupon Gene Compton was informed that all statutory and constitutional warnings had been given and that Robert N. Carnahan had been appointed and had conferred with the defendant on the morning of January 20, 1967, when the defendant was arrested;

"9. Thereafter Sheriff Deputy Jackson rewarned the defendant, prior to the defendant making any statement in writing, that he did not have to make any statement and that if he did the same would be used in evidence against him on trial for the offense concerning which the statement was made;

"10. Defendant, after his oral statement had been reduced to two pages of writing, had the written statement read to him and read the statement himself and signed same in the presence of Mrs. Billie Nance Robbins and B. J. McCarty who then signed the same as witnesses;

"11. The Court further finds as a matter of fact and law that the statement hereinabove referred to which has been offered in evidence herein *and* State's Exhibit No. 1, was voluntarily given by the defendant, and that no coercion, duress, persuasion, threats or promises, or any other improper influence were exerted by anyone to get the defendant to sign such statement and that he the said defendant executed the same of his own free will and volition, that the defendant well understood the contents thereof at the time of signing same;

"12. The Court further finds as a matter of fact and law that the defendant was duly informed of his rights to talk to an attorney before making any statement and that in fact an attorney was appointed, and at no time after said attorney was appointed, but before such voluntary statement was given by the defendant, did the defendant request that his counsel be present at the time of the giving of the said statement, nor was the defendant denied the right to either consult with or have his attorney present at the time this statement was given.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant's objection to the admission of such confession into evidence, which is identified as State's Exhibit No. 1, is hereby overruled; to which the defendant then and there in open court duly excepted."

It is apparent that the fact issue as to whether appellant "had asked for his counsel" was resolved by the trial judge against appellant. The testimony of Deputy Sheriff Jackson supports and sustains the trial court's findings.

It is evident from the warning portion of the confession and the trial judge's findings that appellant was clearly informed of and effectively waived his right to have counsel present at the time the confession was made. The rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, cited by appellant, was not violated.

The judgment is affirmed.

## CONCURRING OPINION

ONION, Judge.

I agree that the appellant prior to his confession, was given the warnings required by Article 15.17 and 38.22, Vernon's Ann.C.C.P., in effect at the time of his statement as well as the warnings required by Miranda v. State of Arizona, supra, and that thereafter he intelligently, voluntarily and knowingly "waived" his rights. In view of the length of his incarceration (8 p. m.

on January 19, 1967, to the time of the confession on January 24, 1967) and the failure to call his court appointed attorney, I feel I must express my own reasons for agreeing that there was a "waiver" as contemplated by Miranda.

In Miranda the United States Supreme Court said:

"Whatever the testimony of the authorities as to waiver of rights by an accused, the fact of lengthy interrogation or incommunicado incarceration before a statement is made is strong evidence that the accused did not validly waive his rights. In these circumstances the fact that the individual eventually made a statement is consistent with the conclusion that the compelling influence of the interrogation finally forced him to do so." 384 U.S. at p. 476, 86 S.Ct. at p. 1629, 16 L.Ed.2d at p. 724.

The record before us shows that the appellant was a 21-year-old high school graduate, who was a member of the United States Air Force with 4 years of service.

Testifying in his own behalf at the separate hearing on the voluntariness of the confession, the appellant stated that he had not been mistreated in jail and that the jailer had made him and all the jail inmates aware that they could call their attorneys any time they got "ready." There was no evidence that he was held incommunicado.

While there appears to be some conflict in the testimony as to whether appellant sent for Deputy Sheriff Jackson, the evidence supports the judge's finding that he did.

It appears that prior to the confession the appellant, while he was drinking coffee with the deputy, was warned by such deputy among other things that he did not have to make any statement, that any statement he made would be used against him, and that he could call his court appointed counsel. He was further told that his lawyer would advise him against making any statement. Appellant then stated he was willing to make a statement and did not want his lawyer.[1] Thereafter, without lengthy interrogation, the written confession was taken, read and signed by appellant in the District Attorney's office under the circumstances described in the majority opinion.

I cannot conclude that the record would support a finding that this appellant was threatened, tricked or cajoled into a waiver. It appears that all the necessary warnings were given at the time of the interrogation and the appellant was aware that he was free to exercise his rights and privilege against self-incrimination at that point in time.

Caution, however, is urged in the use of this opinion as authority for the proposition that the counsel for the accused, either retained or appointed, need not be called prior to interrogation. Here the evidence demonstrated a clear cut affirmative waiver of the right to counsel prior to interrogation, which will not always be present in every case.

For the reasons stated, I concur.

MORRISON, J., joins me in this concurrence.

---

1. In Miranda, the Court said: "[a]n express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. * * *"