**LaSalle REED, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49552.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

---

John R. Coe, Court Appointed, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Joe Anderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. The jury having found that appellant had previously been convicted of a like offense as alleged in Paragraph 2 of the indictment, punishment was assessed at twelve years.

While the sufficiency of the evidence is not challenged, a brief recitation of same is deemed necessary in order that grounds of error urged may be discussed with greater clarity.

The record reflects that the home of Mary Gibbs on Danube Street in Houston was entered on the 25th of September, 1973, while Gibbs was at work. She testified that a color television set and a fishing rod and reel were taken from her home without her consent. Sandra Davis, a neighbor, testified that she observed a car circling the block on the day in question which was subsequently parked in front of the Gibbs house. Davis saw a man she knew as Kenneth Wayne go to the back of the Gibbs house and "then he came out and he had a TV and a reel and rod." At trial, Kenneth Wayne Murphy was brought to the courtroom and identified by Davis as the person she had seen at the Gibbs house. When police investigated the burglary on the date in question, Davis was able to identify the man she had seen with the TV and rod and reel, and gave police a description of the car parked in front of the Gibbs house. Davis stated she did not get a good look at the driver of the car and was unable to give police a description of him. Based on the informa-

tion received from Davis, police arrested Murphy.

The following testimony of Officer Vana gives rise to appellant's first contention, in which it is urged that the trial court erred in admitting into evidence, over timely objection, statements and oral confessions of co-defendant Murphy.

"Q. What did you do with him after you arrested him?

"A. I placed him in the Police car and I gave him the statutory warning and as we were pulling away I asked him where was the other subject that was with him during the day.

"MR. NAHAS: I object to any conversation he had with Kenneth Wayne Murphy on the grounds it would be hearsay as to this Defendant.

*    *    *    *    *    *

"THE COURT: I will let the Officer testify what he asked the man but not what he responded.

*    *    *    *    *    *

"Q. At that time did you see an automobile that had been described as participating in this burglary?

"A. Yes, sir.

"Q. When did you see the automobile?

"A. As soon as Murphy pointed it out.

"MR. NAHAS: I object to that as being hearsay as to this Defendant.

*    *    *    *    *    *

"A. I asked him where is the subject that was with you today and he pointed out the vehicle.

"Q. Alright, you asked him where the subject was?

"MR. NAHAS: Your Honor, again that's the very objection we made. This is all hearsay as to this Defendant.

"THE COURT: Counsel, I have already ruled on it. Overruled.

*    *    *    *    *    *

"Q. As a result of your conversation with Mr. Murphy, did you then approach a vehicle there?

"A. Yes, sir.

"Q. Alright, and did that vehicle fit a description you had on the vehicle involved in this case?

"A. Yes, sir.

"Q. And who, if anybody, was in the vehicle?

"A. Mr. Reed [appellant] there and another subject named Gage were just getting out of the vehicle."

The State urges that if it were error to admit the testimony of co-defendant Murphy, such error was harmless beyond a reasonable doubt in that appellant made an oral confession which led to the recovery of the stolen property. The admission in evidence of appellant's oral confession gives rise to a serious question. The question presented is strikingly similar to the one faced by this Court in the recent case of Moore v. State, Tex.Cr.App., 505 S.W. 2d 887, where it was held that when defendant objected to the admissibility of his oral confession made while in custody, the failure of the court to conduct a hearing as to the admissibility of the confession and make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made, as required by Art. 38.22, Vernon's Ann.C.C.P., required reversal.

Officer Schofner testified that he talked to appellant after he had been arrested and gave appellant the "statutory warning off the blue card provided by the District Attorney's Office," which was read in evidence.

The record reflects that the following objection was voiced by appellant:

"MR. NAHAS: At this time, Your Honor, I am going to object to any conversations that this witness may have had anytime with the Defendant for the reason the Defendant was under arrest and he was not taken before a Magistrate for a proper judicial warning and further I object to any oral conversations which have not been reduced to writing after being given a judicial warning."

Appellant's objection was overruled by the court, and the record reflects that the officer subsequently testified that appellant admitted he was with Murphy when the house was burglarized. Schofner further testified that as a result of his conversation with appellant, the television was recovered.

Article 38.22, Section 2, V.A.C.C.P., provides in part: ·

"In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause."

■■ We find that the voluntariness of the confession was sufficiently raised by appellant's objection to require a hearing outside the presence of the jury in compliance with Art. 38.22, Sec. 2, V.A.C.C.P. It was not only incumbent upon the trial court to hold such a hearing, but to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made. Art. 38.22, Sec. 2, V.A.C.C.P.; Moore v. State, supra; Har-

ris v. State, Tex.Cr.App., 465 S.W.2d 175; Davis v. State, Tex.Cr.App., 499 S.W.2d 303.

We also express grave concern over the admissibility of the confession for still another reason. In appellant's second contention, it is urged that the confession was inadmissible for the reason that appellant had requested an attorney before making a statement.

The record reflects the following testimony of arresting Officer Vana:

"Q. [Prosecutor] Did you give Mr. Reed [appellant] any type of warning?

"A. No, sir, he didn't even want to talk to us. One of his first statements was he was going to get a lawyer."

The testimony of Officer Schofner, who was assigned to the case after appellant was arrested, reflects the following on direct examination:

"Q. * * * After you read him his warnings and he indicated he understood it, did he at that time request to have an attorney present?

"A. He said he didn't have any statement to make until he had his attorney there.

* * * * * *

"Q. Did you later have occasion to have another conversation with him?

"A. Yes, sir.

"Q. When was that?

"A. After we questioned the other suspect.

"Q. Then you questioned this suspect again?

"A. We brought him back down and confronted him.

"Q. How long was this after he had been given his warnings?

"A. Oh, probably thirty or forty minutes.

"Q. Was there a Judge or any Magistrate present at that time?

"A. No, sir.

"Q. When you brought him back in, what took place, if anything?

"A. After we brought him back in to confront him with Murphy, the other arrested suspect, he admitted he was with him when they burglarized the house and took the TV."

■ It has been the consistent holding of this Court that the express desire for counsel will not forever bar the police from interrogating the accused. Waiver is possible if the prosecution meets its heavy burden in this regard. Nash v. State, Tex.Cr.App., 477 S.W.2d 557; Sweiberg v. State, Tex.Cr.App., 511 S.W.2d 50; Gunter v. State, Tex.Cr.App., 421 S.W.2d 657; Miller v. State, Tex.Cr.App., 468 S.W.2d 818; Randolph v. State, Tex.Cr.App., 493 S.W.2d 869; Mitchell v. State, Tex.Cr. App., 503 S.W.2d 562.

In Mitchell v. State, supra, it was stated:

"Thus, if the individual, once having invoked his privilege against self-incrimination, thereafter does in fact change his mind and knowingly and intelligently waives his rights, including the right to remain silent, and gives a statement, the prior invocation does not vitiate the statement under either the rationale or the holdings of Miranda."

■ The record is devoid of any evidence that the State sustained the "heavy burden" imposed on it (after appellant had expressed a desire for counsel) in showing that appellant knowingly and intelligently waived his right to counsel before making the oral confession in question.

For the errors discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.