Mark E. **MILLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–82–00944–CR.

Court of Appeals of Texas, Dallas.

Jan. 18, 1984.

Rehearing Denied Feb. 7, 1984.

---

C. Wayne Huff, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., for appellee.

Before CARVER, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

Appellant appeals a conviction for aggravated rape in which the jury assessed appellant's punishment at fifty years in the Texas Department of Corrections. We vacate our November 8, 1983, order abating this appeal and affirm.

In his first ground of error appellant contends that two oral statements he made to a police officer while under arrest were improperly admitted into evidence in violation of TEX.CODE CRIM.PROC.ANN. art. 38.22, § 6 (Vernon 1979). A hearing was held outside the presence of the jury involving these statements. Following this hearing, the appellant objected to the admission of his statements on the grounds that:

(1) The State had failed to show compliance with Article 38.22,

(2) The "proper predicate has not been laid to show the statements are admitted for impeachment purposes," and

(3) "The proper predicate has not been laid to show the statements were made voluntarily."

(4) The statements "have not been made specific as to time and place."

The record contained no written order of the trial court "stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based..." as required by Article 38.22. In accordance with *Bonham v. State*, 644 S.W.2d 5, 8 (Tex.Cr.App.1983) (*en banc*), we abated the appeal in the present case and directed the trial judge to reduce to writing his findings of fact and conclusions of law on the disputed fact issues surrounding appellant's statements raised in appellant's first ground of error and to file such findings and conclusions with this court.

By motion for rehearing on our abatement order the State has challenged such directions to the trial court and requested that we stay the operation of our order pending resolution of State's motion for rehearing. In its motion for rehearing the State asserts that our order incorrectly assumed that the record contains "disputed fact issues" regarding the voluntariness of the appellant's statements and that in the absence of such disputed fact issues the trial court had no statutory or constitutional duty to make findings of fact and conclusions of law concerning the voluntariness of the statements. Moreover, the State insists that the record in the present case does not support a conclusion that the appellant presented any evidence regarding the voluntariness of his statements and, accordingly, there were no "disputed fact issues" presented for the trial court's resolution. We set out the entire testimony offered at the hearing together with appellant's objections.

(Whereupon there was a discussion held outside the hearing of the Reporter and the jury, after which time the jury was recessed and the following proceedings were had outside the presence and hearing of the jury:)

THE COURT: Go ahead and state in the record what you intend to bring out on cross examination.

[THE PROSECUTOR]: Only the statement.

THE COURT: While under arrest?

[THE PROSECUTOR]: The last question I asked him had to do with: Isn't it true you told him the next day that you had been living in Oak Cliff just three weeks.

THE DEFENDANT: One week. (Whereupon the last question was read back by the Reporter).

Q. [THE PROSECUTOR]: Isn't it true the next day when you talked to Officer Rivers you told him you had been living in Oak Cliff for three weeks?

A. (By the Defendant) I might.

Q. You don't recall whether you said it or not?

A. No, I did say something to that extent.

Q. You didn't tell him the same thing, is that correct?

A. That's correct.

Q. Isn't it true that you told him either on April the 5th or the next day, April the 6th, that on the night of this offense that you were building a fence for your neighbor?

A. I gave him—

Q. ·Just a yes or no.

[DEFENSE COUNSEL]: Now, Your Honor, I think he has a right to explain what he said.

THE COURT: You can be required to answer the question yes or no, but then you have a right to explain your answer.

Q. [THE PROSECUTOR]: First answer yes or no. Did you or did you not tell him you were building a fence for your neighbor on the night of the offense?

A. (By the Defendant) Yes.

Q. Do you recall which time you told him that?

A. The first time when he first started talking.

Q. April—

A. The 5th. He was asking me where I was at. Then I gave him a whole bunch of different places where I might've been. Then the next day when he came up he came up and asked me the same questions.

Q. What are all the places you told him you might've been?

A. Huh?

Q. Where are all the places?

A. I told him I might've been in the trailer park. I told him I might've been in North Dallas. I told him I might've been building a fence or working on someone's lawn and at the hotel.

Q. You said all this presumably after he told you the date of the offense?

A. Pardon?

Q. You said all this, according to your testimony, after he had told you the date of the offense, is that correct?

A. When he was informing me of what took place that day, yes.

Q. He had informed you of the date of the offense? Is that what you're saying?

A. Yes.

[THE PROSECUTOR]: Judge, that's all at this time.

[DEFENSE COUNSEL]: We are going to object to the admission of that testimony before the jury on the grounds as follows:

One, it is a statement made by a Defendant while under arrest. It has not been shown to comport with Article 38.22 of the Code of Criminal Procedure.

Secondly, it does not properly—the proper predicate has not been laid to show the statements are admitted for impeachment purposes.

Third, the proper predicate has not been laid to show the statements were made voluntarily. That's our grounds for objection at this time.

One other thing—by the way, these statements have not been made specific as to time and place.

Appellant's objections were overruled and trial before the jury was resumed.

Thus, in the present case the hearing was held in order that the prosecutor could show the trial court what the State sought to establish by certain cross-examination of the accused. It is obvious that the prosecutor sought to establish that on two separate occasions the accused had made conflicting statements to a police officer, one concerning the length of time the accused had lived in Oak Cliff and one concerning the places the accused might have been at the time of the offense. Nowhere in the accused's testimony does he challenge the voluntariness of his statements or even suggest pressure or coercion.

In abating this appeal we relied on the fact that appellant made his first and third objections. *See Reed v. State,* 518 S.W.2d 817, 819–20 (Tex.Cr.App.1975), in which the accused's oral confession had been admitted in evidence. The sequence of events and the court's holding in *Reed* follow:

Officer Schofner testified that he talked to appellant after he had been arrested

and gave appellant the "statutory warning off the blue card provided by the District Attorney's Office," which was read in evidence.

The accused in *Reed* then objected:

At this time, Your Honor, I am going to object to any conversations that this witness may have had anytime with the Defendant for the reason the Defendant was under arrest and he was not taken before a Magistrate for a proper judicial warning and further I object to any oral conversations which have not been reduced to writing after being given a judicial warning.

The objection was overruled and the officer then testified that the accused admitted he was present when the house was burglarized. The officer further testified that as a result of his conversation with the accused property was recovered. The court held in *Reed:*

We find that the voluntariness of the confession was *sufficiently raised by appellant's objection* to require a hearing outside the presence of the jury in compliance with Art. 38.22, Sec. 2, V.A.C.C.P. It was not only incumbent upon the trial court to hold such a hearing, but to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made. Art. 38.-22, Sec. 2, V.A.C.C.P. (emphasis ours).

Thus, we read *Reed* as indicating that practically any objection to admission of an oral statement into evidence raises the question of voluntariness so as to require hearing and determinations by the trial court. We now conclude that we erred in our reliance on the appellant's first and third objections and our reading of *Reed* in light of the court's more recent opinion in *Lindley v. State*, 635 S.W.2d 541, 544–45 (Tex.Cr.App. 1982). (We note that *Lindley* is a panel opinion in which two of the three members concur in the result without opinions.)

In *Lindley* the accused complained of the failure of the trial court to make findings of fact and conclusions of law regarding the voluntariness of his oral, custodial statements to police officers. The court noted, however, that:

We have reviewed the record and do not find that appellant ever specifically raised the issue of the voluntariness of his statements. Although a hearing was held outside the presence of the jury on the admissibility of the statements appellant made to Brashear [police officer to whom statements were made], at no time did the appellant make the specific objection to the admissibility of the statements that they were inadmissible because they were involuntary, *nor did he present any evidence on this issue.*

\* \* \* \* \* \*

The trial court did not err in not making any findings of fact and conclusions of law. *Cf.*, however, *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App.1973); *Reed v. State*, 518 S.W.2d 817 (Tex.Cr.App.1975). (emphasis ours).

635 S.W.2d at 544–45. Thus *Reed* was noted as possibly in conflict with *Lindley*, but otherwise ignored.

▮▮▮ Accordingly, we read *Lindley*, as requiring both evidence negating voluntariness and objection to its admissibility. As to the sufficiency of any such evidence, we note the Supreme Court's description of the evidence in *Jackson v. Denno*, 378 U.S. 368, 372, 84 S.Ct. 1774, 1778, 12 L.Ed.2d 908 (1964), as a "suggestion that [the accused] had been pressured into answering questions." We find no such evidence in the present case; not even a "suggestion." Moreover, at no time in the present case did appellant request a hearing as to whether his statements were voluntary—not even after he had stated his first and third objections. We conclude that had appellant intended to challenge the voluntariness of his statements he would have sought to proceed in the above hearing outside the presence of the jury in order to substantiate the substance of his first and third objections. Appellant, however, failed to do so and we cannot see how his first and third objections thus raised the question of voluntariness so as to require hearing and determinations by the trial

court. We conclude that in the present case it would ignore reality to permit appellant to make his first and third objections and do nothing more at the very moment the trial court is conducting a hearing outside the presence of the jury and the appellant is sitting in the witness chair. We decline to hold that an accused may thus "lay behind the log" and assert on appeal a violation of Article 38.22, § 6. Therefore, in light of *Lindley*, we conclude that appellant's failure to present evidence on the issue of voluntariness—there being no such evidence raising the issue from the State—precludes a holding that appellant's statements were improperly admitted into evidence in violation of Article 38.22, § 6.

▮▮▮ In his first ground of error appellant asserts a violation of Article 38.22, § 6, only. Appellant raises no state or federal constitutional issues. Thus our holding is limited to whether there has been a violation of Article 38.22, § 6. We hold that under Article 38.22, § 6, there must be evidence which creates a fact issue as to the voluntariness of oral statements before a fact finding by the trial court is required by Article 38.22, § 6. We hold further that such fact issue may be created by evidence presented by the State as well as the accused. Therefore, we conclude that in the present case the trial court was not required to reduce to writing his findings of fact and conclusions of law on the alleged disputed fact issue surrounding appellant's statements appellant seeks to raise in his first ground of error. Moreover, we hold that the two oral statements appellant made to a police officer while under arrest were properly admitted into evidence without violation of Article 38.22, § 6. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred in allowing a police officer to testify as to statements made by appellant to him because the proper predicate had not been laid for their admission. During the prosecutor's cross-examination of appellant, the following transpired:

[PROSECUTOR]: And on that day is it true or it is true, rather, that you told Officer Rivers that you had been living in Oak Cliff for only one week, is that correct?

[APPELLANT]: Yes.

\* \* \* \* \* \*

[PROSECUTOR]: And then the very next day I believe you told Officer Rivers that you had been living in Oak Cliff not one week, but three weeks, is that correct?

\* \* \* \* \* \*

[APPELLANT]: Yes, it is.

[PROSECUTOR]: And is that also the time that you told him that you were—or is it during that interview you told him that you were building a fence at the time the offense occured (sic).

[APPELLANT]: That was part of it. Then I gave him other explanations.

▮▮ Despite the fact that appellant admitted making these statements, the State was allowed over appellant's objections to elicit the same statements from Officer Rivers. The proper predicate for impeachment requires that the witness, on cross-examination, must first be asked whether he made the alleged contradicting statement at a certain place, to a certain person, at a certain time. When the predicate has been laid and the witness *either denies or states that he does not remember having made the prior inconsistent statement, then impeachment may proceed.* Johns v. State, 626 S.W.2d 920, 922 (Tex.App.—Fort Worth 1982, writ ref'd). (emphasis ours).

▮▮ The record reflects that appellant admitted making the inconsistent statements. Thus, the testimony of Rivers as to the inconsistent statements made by appellant was inadmissible. Therefore, the trial court erred in permitting this testimony. In light of the evidence, however, we fail to see how appellant was harmed by River's reiteration of appellant's admitted inconsistent statements. Therefore, we conclude that River's testimony was not so harmful or prejudicial as to require rever-

sal. Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the trial court erred in overruling his objections to the argument of the prosecutor concerning the future emotional impact of the offense upon the complainant for the reason that the argument injected harmful unsworn testimony before the jury. During the punishment phase the following occurred:

[PROSECUTOR]: But, we have all heard and right now it's a very prevalent concept in our society, what we call the Viet Nam syndrome, which is basically only a delayed reaction.

[DEFENSE COUNSEL]: Excuse me, Your Honor. I object. Counsel is completely outside the record.

THE COURT: Stay in the record.

[DEFENSE COUNSEL]: Ask the jury be instructed to disregard the last few remarks of counsel.

THE COURT: Members of the jury, disregard the last remarks, please, and do not consider them for any purpose.

[DEFENSE COUNSEL]: Move for a mistrial at this time.

THE COURT: Overruled.

[PROSECUTOR]: I only ask you to draw on your own personal knowledge and common experience in that there is at times a delayed reaction to physical and emotional trauma.

[DEFENSE COUNSEL]: Counsel is arguing outside of the record and the evidence in this case.

THE COURT: Overruled.

■■■■ Appellant argues that the prosecutor's remarks injected harmful unsworn testimony before the jury as to the effects of the offense upon the complainant in the future. There was no evidence adduced to show the effects of the offense upon the complainant in the future. In *Hall v. State*, 643 S.W.2d 738, 741 (Tex.Cr.App. 1983) (*en banc*), the prosecutor made the following argument:

Look at the crime that you're setting punishment for. It's a crime that, its a reasonable deduction from the evidence, that the injury *and the damage inflicted by this may, if it ever fully comes out, will be a long, long time coming.* It will never leave those kids ever.

(emphasis ours).

In *Hall*, this argument was held to be a proper plea for law enforcement. A plea for law enforcement is a proper area of jury argument. *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Cr.App.1973). Accordingly, we find the prosecutor's argument in the present case to be a proper plea for law enforcement. Therefore, the trial court did not err in overruling appellant's objections. Appellant's third ground of error is overruled.

In his fourth ground of error appellant contends that the trial court erred in overruling his objection to the testimony of complainant's grandmother that the complainant stated to her that the person that she saw in a restaurant was the person that raped her for the reason that this testimony bolstered the testimony of the complainant.

In rebuttal, the State called complainant's grandmother. The grandmother testified that on the Monday morning following the Saturday assault upon her granddaughter, she and the complainant entered a restaurant, that her granddaughter began acting sick, and that she and the complainant went into the restroom.

After this testimony was elicited, the following occurred:

[PROSECUTOR]: What happened there?

[GRANDMOTHER]: She said, "I know that's him."

[DEFENSE COUNSEL]: Excuse me, Your Honor. At this point we'll object to the testimony in that it is nonresponsive. It calls for a narrative response and further, on the grounds it's bolstering and hearsay.

COURT: Overruled. The question was what happened.

[PROSECUTOR]: What happened in the bathroom?

[GRANDMOTHER]: She just said, "Grandma, I know that's him. That's the one that did it."

[PROSECUTOR]: By that she meant the man who raped her?

[GRANDMOTHER]: Yes.

 Appellant argues that the introduction of the grandmother's testimony constituted bolstering of the complainant's incorrect identification of the appellant. "Bolstering" occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Cr.App.1978). We note, however, that at the point when the above objection was made, the grandmother had not yet identified the appellant as the person selected or pointed out to her by her granddaughter. This identification occurred later in the grandmother's testimony. At the later point in her testimony when the grandmother did identify appellant as the man she observed at the restaurant, appellant made no objection. Thus, the bolstering, if any, of the complainant's alleged incorrect identification of appellant occurred without objection from appellant. The failure to object at trial waives error, if any. *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex.Cr.App.1980) (*en banc*), *cert. denied*, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). Appellant's fourth ground of error is overruled.

We vacate our order of November 8, 1983, abating this appeal and directing the trial court to reduce to writing his findings of fact and conclusions of law and to file such findings and conclusions with this court. We affirm the judgment of the trial court.