**Ronnie Gayland BROACH, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–054–CR.**

Court of Appeals of Texas,
Eastland.

Oct. 17, 1985.

Ed Paynter, Abilene, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

OPINION

McCLOUD, Chief Justice.

The jury convicted appellant of sexual assault, and the trial court assessed punishment at five years confinement in the Texas Department of Corrections and a fine of $1,000.00. The confinement was probated. We affirm.

In appellant's first ground of error, he argues that the indictment is fundamentally defective because it fails to allege that the complainant was not the spouse of the appellant; therefore, the appellant contends that the indictment fails to provide "notice" of the offense with which he is charged. TEX. PENAL CODE ANN. sec. 22.011(a)(2)(A) (Vernon Supp.1985) under which appellant was indicted provides as follows:

(a) A person commits an offense if the person:

  (2) intentionally or knowingly:

(A) causes the penetration of the anus or vagina of a *child* by any means.... (Emphasis added)

The indictment states in pertinent part: RONNIE GAYLAND BROACH, did then and there intentionally and knowingly cause the penetration of the vagina of [B.S.], a female *child* younger than seventeen (17) years of age with the penis of the said RONNIE GAYLAND BROACH.... (Emphasis added)

■ The general rule established by the courts of Texas is that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Cr.App.1981); *Phillips v. State*, 597 S.W.2d 929, 934 (Tex.Cr. App.1980); *Jones v. State*, 545 S.W.2d 771, 775 (Tex.Cr.App.1977); *Baldwin v. State*, 538 S.W.2d 109, 111 (Tex.Cr.App.1976). The indictment in the instant case follows the language of Section 22.011(a)(2)(A).

■ When a term is defined in the statutes, it need not be further alleged in the indictment. *Thomas v. State*, supra at 161; *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). The Legislature defined the word "child" in TEX. PENAL CODE ANN. sec. 22.011(c)(1) (Vernon Supp.1985) as "a person younger than 17 years of age *who is not the spouse of the actor.*" (Emphasis added) In *Watson v. State*, 548 S.W.2d 676, 678 (Tex.Cr. App.1977), the court, in a case involving rape, held that the general terms "force" and "threats" were special definitions in the statute which gave adequate notice to the defendant of the elements of the offense with which he was charged.

The cases cited by the appellant involve TEX. PENAL CODE ANN. sec. 21.09(a) (Vernon 1974) which was repealed and replaced effective September 1, 1983, by Section 22.011(a)(2). Under the old statute the term "child" was not defined. Therefore, appellant's cases discussing the necessary elements under the old statute are not applicable. We hold that the indictment provided the appellant adequate notice of the offense with which he was charged.

■ In appellant's second ground of error he argues that the trial court erred, over his objection, in failing to charge the jury that a finding of a non-spousal relationship between the complainant and the appellant was required. In the charge, the court defined "child" as defined in TEX. PENAL CODE ANN. sec. 22.011(c)(1). The court, however, did not, in applying the law to the facts, require the jury to find that the complainant was not the spouse of the appellant. Assuming, without deciding, that the court committed error and that the error was properly preserved, a reversal is nevertheless required only if there is *"some* harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). The harm, if any, "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."

After reviewing the charge and the statement of facts, we find that the appellant was not harmed by the charge to the jury. There is no evidence of a spousal relationship between the appellant and complainant. In fact, the appellant testified that he had never seen the complainant before the day of trial. The complainant testified that she was not the spouse of the appellant. Therefore, we hold that the trial court's failure to include the element of a non-spousal relationship in the charge, if error, caused *no harm* to the appellant.

The appellant's grounds of error are overruled, and the judgment of the trial court is affirmed.