**Andrew Ronald GALLEGOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01103–CR.**

Court of Appeals of Texas, Dallas.

April 16, 1986.

R.K. Weaver, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before DEVANY, SCALES and HOLLINGSWORTH, JJ.

PER CURIAM.

.Andrew Ronald Gallegos was convicted by a jury of aggravated sexual assault. Punishment was assessed by the court at thirty-five years' confinement in the Texas Department of Corrections. In two grounds of error, appellant contends that (1) the indictment failed to negate a statutory exception to the offense charged, and (2) the trial court improperly excluded testimony offered by appellant to impeach the complainant. We disagree with both contentions and, accordingly, affirm the judgment of the trial court.

The sufficiency of the. evidence is not challenged. Appellant is married to the complainant's mother. The complainant testified that she and appellant had a continuing physical relationship, including sexual intercourse, from the summer of 1982 until October 1984 at which time she was ten years old.

Appellant first complains of the trial court's denial of his motion to quash the indictment which, in pertinent part, alleged that the appellant did

> knowingly and intentionally cause the penetration of the vagina of (complainant), a child, by an object, to-wit: the sexual organ of said defendant and, at the time of the said offense, the child was younger than 14 years of age....

This language is in compliance with section 22.011(a)(1)(A) of the Penal Code [1] which describes the proscribed mental state and conduct, and section 22.021(a)(5) which provides the aggravating element of a victim younger than 14 years of age.

Appellant contends that the trial court erroneously denied his motion to quash because the indictment, by failing to allege complainant was not appellant's spouse, fails to negate a statutory exception or provide notice of the offense charged. This argument is based on section 22.-

---

1. All statutory references are to TEX.PENAL CODE ANN. (Vernon 1974) and (Vernon Supp. 1986).

011(c)(1) which defines "child" as a person younger than seventeen years of age who is not the spouse of the actor. Appellant construes this definition as an exception to the offense and argues that the State must negate the existence of the exception in the indictment under section 2.02(b). We disagree with appellant's contention.

■ Any exceptions to an offense in the Penal Code are specifically designated as such in section 2.02. Section 22.011(c)(1) merely defines "child" in the same form used in section 1.07 and throughout the Penal Code to define terms. Because section 22.011(c)(1) is not an exception to sexual assault, the failure of the indictment to allege that complainant was not appellant's spouse was not error.

■ Also, when a term is defined by statute, it is not generally necessary that it be further specified in the indictment if, as here, it is unrelated to an act or omission of the accused. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1981). This rule is especially applicable here where there is only one possible definition of the term "child" provided in the statute. Because appellant had adequate notice of the offense charged, it was not necessary for the indictment to allege the definition of the term "child." *Broach v. State*, 700 S.W.2d 624 (Tex.App.—Eastland 1985, no pet.). The trial court properly overruled appellant's motion to quash.

Appellant also asserts that the trial court erred in excluding testimony of appellant's mother offered to impeach the complainant's credibility by proof of a prior inconsistent statement. The complaining witness testified on cross-examination that a man she referred to as her former "stepfather" had never molested her. Outside the presence of the jury, appellant offered the testimony of his mother, who described an incident that had occurred when the complainant was about six years old. She testified that complainant had said she felt "dirty" and made a gesture with her hand to the area of her crotch. Although this witness did not understand the gesture at the time, she now believes the gesture indi-

cated that someone had sexually molested the child. The witness did not testify as to how her former "stepfather" was implicated.

■ It is doubtful whether this testimony proved a prior inconsistent statement. In any event, no proper predicate was laid. When a party wishes to impeach a witness with a prior inconsistent statement, the party must ask the witness whether he or she has previously made a contrary statement to a particular person at a certain time and place. *Ellingsworth v. State*, 487 S.W.2d 108, 112 (Tex.Crim. App.1972); *Miller v. State*, 666 S.W.2d 269, 274 (Tex.App.—Dallas 1984, pet. ref'd). Because appellant failed to lay this predicate, the trial court properly excluded the evidence. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.