Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-01-00572-CR and

  
14-01-00573-CR

____________

 

JUAN RAUL GARZA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 230th District Court

Harris County, Texas

Trial
Court Cause Nos. 856,321 and 856,133

 



 

O P I N I O N

Appellant entered a plea of not guilty to the offenses of
possession of cocaine and possession of marijuana.  He was convicted and the jury assessed
punishment at twenty years in the Texas Department of Criminal Justice for
possession of cocaine and ten years for possession of marijuana.  In seven points of error, appellant claims
the trial court erred in denying his motion to suppress and in allowing hearsay
testimony.  We affirm.








Through a confidential informant, an undercover Houston
police officer sought to buy five kilograms of cocaine.  The informant, Denzil
Carter, contacted Gilbert Ynfante to obtain the
cocaine.  Ynfante
obtained the cocaine from appellant, negotiated a price, and set up a meeting
with Carter and the undercover police officer to purchase the cocaine.  The cocaine was located at 6422 Loma Linda,
an automobile body shop.  Once Carter confirmed
the location of the cocaine, the undercover officer called the raid team.  

Officer T. R. Walker, a member of the raid team, testified
that as he approached the garage, appellant began walking rapidly away from the
garage removing items from his pockets and throwing them underneath a
truck.  Walker commanded appellant to stop
and appellant complied.  After securing
appellant with a uniformed officer, Walker recovered five kilograms of cocaine
from the garage.  Walker then approached
appellant, read him his Miranda rights and asked if the officers could
search his property including the apartment above the garage.  After appellant consented, Walker walked to
his truck to retrieve a consent form. 
When Walker returned with the consent form, he noticed appellant was in
physical distress and appeared to be having a heart attack.  Walker called paramedics who transported
appellant to Ben Taub Hospital.  When he searched the garage apartment, Walker
found approximately seven pounds of marijuana and four grams of cocaine.  Later that day, appellant was released from
the hospital and arrested for possession of cocaine and marijuana.

In his first six points of error, appellant complains of the
trial court=s failure to suppress the five
kilograms of cocaine found in his garage and the seven pounds of marijuana and
four grams of cocaine found in the apartment. 
Although appellant vigorously pursued a pretrial motion to suppress
those items, he failed to object to the evidence when it was introduced at
trial.  When the State introduced the
cocaine and marijuana into evidence, appellant=s counsel responded, ANo objection, Judge.@ 









When a pretrial motion to suppress evidence is overruled, the
defendant need not subsequently object at trial to the same evidence to
preserve error on appeal.  Livingston v. State, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987). 
However, when the defendant affirmatively asserts during trial that he
has Ano objection@ to the admission of the complained
of evidence, he waives any error in the admission of the evidence despite the
pretrial ruling.  Id.  Appellant=s response of Ano objection@ waived his claim to inadmissibility
of the challenged evidence.  See Moody
v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992). 
Appellant=s first six points of error are overruled.

In his seventh point of error, appellant contends the trial
court erred in allowing the State=s rebuttal witness, Officer Walker,
to testify to hearsay statements allegedly made by Ynfante
that appellant was the source of the cocaine. 
During the State=s case in chief, Ynfante testified,
without objection, that he asked appellant to obtain five kilograms of cocaine
and that he and appellant negotiated a per kilo price for the cocaine.  Ynfante also
testified as follows:

Q.        And when you were arrested did you talk to Officer Walker,
the big, tall officer?

A.        Yes, ma=am.

Q.        And did he ask you any questions as to where you had gotten
the cocaine?

A.        I don=t remember.

Q.        You don=t remember.  Do
you remember him asking you B do you remember telling him that Mr. Garza was the
one who gave you the cocaine?

A.        Very faint.

 








On cross-examination, appellant=s counsel challenged Ynfante=s testimony alleging Ynfante did
not identify appellant as his source until he was convicted in another
case.  On rebuttal, the State asked
Officer Walker, AAnd when you asked Mr. Ynfante on September 20th of 2000 who his supplier was, who
his source was, what did he say to you?@ 
Appellant objected to hearsay and the trial court overruled the
objection.  Walker then testified that Ynfante told him he had obtained the five kilograms of
cocaine from appellant.

The State contends Officer Walker=s testimony was admissible as proof
of a prior inconsistent statement.  Texas
Rule of Evidence 613 allows into evidence for impeachment purposes proof of a
witness=s prior inconsistent statements
provided the proper predicate is established. 
Willover v. State, 70 S.W.3d 841, 846 (Tex. Crim.
App. 2002).  The proper predicate
for impeachment requires that the witness, on cross-examination, must first be
asked whether he made the alleged contradicting statement at a certain place,
to a certain person, at a certain time. 
When the predicate has been established and the witness either denies or
states that he does not remember having made the prior inconsistent statement,
then impeachment may proceed.  Miller
v. State, 666 S.W.2d 269, 274 (Tex. App.CDallas 1984, pet. ref=d).  If the witness admits the prior inconsistent
statement, the prior statement is not admissible.  McGary v. State, 750 S.W.2d 782, 786 (Tex. Crim.
App. 1988).

Here, Ynfante admitted he Afaintly@ remembered, on the day of his
arrest, telling Officer Walker that appellant was the source of the
cocaine.  Although Ynfante
initially stated he did not remember his statement to Officer Walker, when the
prosecutor clarified his question, Ynfante stated he
faintly remembered the statement. 
Because Ynfante did not deny or state he could
not remember making the statement, the trial court erred in permitting Officer
Walker=s testimony.  See Miller, 666 S.W.2d
at 274.  However, in light of the
fact that the same evidence was introduced without objection during the State=s case in chief, appellant was not
harmed by the improper admission. 
Overruling an objection to evidence will not result in a reversal when
other such evidence was introduced without objection.  Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim.
App. 1998).  Therefore, the error
is harmless.  See Tex. R. App. P. 44.2(b).  Appellant=s seventh point of error is
overruled.








The judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed October 17, 2002.

Panel consists of Justices Edelman, Seymore, and
Guzman.  (Edelman, J. concurs in result
only.)

 

Do Not Publish C Tex.
R. App. P. 47.3(b).