In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00099-CR


______________________________




LESTER BAXTER STARNES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20923




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 A jury found Lester Baxter Starnes guilty of aggravated sexual assault of a child and
indecency with a child. See Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2006) (aggravated
sexual assault); Tex. Penal Code Ann. § 21.11 (Vernon 2003) (indecency with child). We will
refer to the victim in this case as "D.E." The jury assessed Starnes' punishment for these convictions
at forty and twenty years' imprisonment, respectively. Starnes now appeals, raising four points of
error. We affirm.

I. Presentation of Witness Only to Impeach by Otherwise Inadmissible Evidence

 Starnes combines his first and second points of error on appeal, contending in the first point
the trial court committed reversible error by allowing the State to call a witness for the sole purpose
of impeaching that witness' credibility with otherwise inadmissible testimony. In the second point,
Starnes urges the trial court erred in allowing the impeaching evidence. The witness whom the State
reputedly impeached was Chastity Evans, who is the victim's mother and Starnes' stepdaughter. 
Called by the State, Evans testified on direct examination she believed that the victim's allegations
of sexual abuse were untrue. Her testimony was based on the victim's reported confession to Evans
of having lied about being sexually abused by Starnes. After having elicited this testimony, the State
then proceeded to ask Evans whether she disbelieved the victim's allegations only because Evans
herself had also been sexually abused by Starnes. Evans denied being molested as a child by Starnes,
but the prosecutor nonetheless persisted in asking her questions that suggested such illicit conduct
had indeed occurred. During Evans' testimony, Starnes objected to the prosecutor's leading
questions, but Starnes did not object on the basis that the prosecutor was attempting to improperly
impeach Evans.

 In the second issue, Starnes contends the trial court reversibly erred by permitting the
admission of evidence of an extraneous offense during the testimony of Pam Norris. Starnes asserts
this evidence was admitted only after Evans was purposely called to deny that Starnes had assaulted
her so that the State could present Norris' testimony impeaching Evans' testimony and show that
Starnes had previously sexually molested both Norris and Evans. Starnes argues that this practice
has been condemned by the Texas Court of Criminal Appeals in Hughes v. State, 4 S.W.3d 1 (Tex.
Crim. App. 1999). In Hughes, the court explained that, even though Rule 607 of the Texas Rules
of Evidence allows a party to impeach its own witness, the fact the State recognizes that its own
witness will testify unfavorably is a factor to consider when determining if the impeachment of that
evidence violates Rule 403 of the Texas Rules of Evidence. Id. at 5; see Tex. R. Evid. 403, 607. In
Hughes, the defendant objected that the impeachment testimony was improper, was intended to elicit
inadmissible hearsay, and was violative of Rule 403. Hughes, 4 S.W.3d at 3. 

 "To preserve an issue for appellate review regarding the alleged admission of erroneous
evidence, a defendant must timely object to that evidence at trial." Tex. R. App. P. 33.1(a)(1); Hatley
v. State, 206 S.W.3d 710, 720 (Tex. App.--Texarkana 2006, no pet.). Starnes' appellate brief does
not attempt to demonstrate he raised this improper impeachment claim during Evans' trial testimony. 
Cf. Parson v. State, 193 S.W.3d 116, 125 (Tex. App.--Texarkana 2006, pet. ref'd) (appellate
objection not same as trial objection; issue regarding improper admission of evidence not preserved). 
 Before Norris testified, the trial court conducted a bench conference concerning Norris'
anticipated testimony:

[State]: . . . . State calls Pam Norris. Your Honor, may we approach?


THE COURT: You may.


(Bench conference)


[State]: This witness is going to say she was molested by the defendant and
that her and Chastity [Evans] were molested at the same time. I certainly want to
bring that to your attention.


[Defense counsel]: Your Honor, we would object under 403 and 404. Your
Honor, these are - this is an allegation that was - I can't be a hundred percent sure of
the year. I want to say 1990 that it was alleged. It was indicted and then it was
dismissed because the young lady recanted.

 

THE COURT: The Court is going to allow questions.


Norris testified that both she and Evans had been sexually molested by Starnes. 

 From the bench conference, it appears Starnes' trial objection to Norris' anticipated testimony
was that it should be excluded pursuant to Rules 403 and 404 of the Texas Rules of Evidence. 
Starnes explained that the extraneous offense charge in question had been dismissed. 

 The State argues that such an objection is not sufficient to preserve error. In this instance,
we agree. Several cases have held that a general objection invoking Rule 403 is insufficient. Phelps
v. State, 999 S.W.2d 512, 520 (Tex. App.--Eastland 1999, pet. ref'd); Williams v. State, 930 S.W.2d
898 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). The rationale for the holding is that Rule 403
encompasses five different objections, and a general reference to the rule does not specify for the
trial court which of the objections is asserted. Phelps, 999 S.W.2d at 520. Here, there is even more
reason for the objection to specifically advise the trial court of the complaint. Generally, in making
the decision to admit or exclude evidence based on Rule 403, the trial court reviews the particular
item of evidence being presented and weighs its probative value against its prejudicial effect. At
times, the meaning of a general 403 objection may be clear from the context. In this instance, the
403 analysis involves several steps. The argument now being made is that Evans was improperly
called by the State merely for the purpose of asking if she had been assaulted by Starnes, which,
according to Starnes' argument, the State knew Evans would answer in the negative. Additionally,
the argument is that Norris was then presented to impeach that testimony by testifying she had
personal knowledge Evans had been assaulted by Starnes in the past. Based on the State's alleged
knowledge of the first witness' denials, Starnes argues Norris' testimony should have been excluded
under Rule 403 as being more prejudicial than probative. However, all the trial court heard was the
general objection "403 and 404." (1) Contrary to the facts in Hughes, here, the trial court was never
required, by a proper objection, to consider whether the testimony of Evans was improper; the only
objection during Evans' testimony was that a question was leading. Even during Norris' testimony,
there was never an objection that either Evans' or Norris' testimony was improper impeachment. In
accordance with the Hughes opinion, to determine whether Norris' testimony should be excluded,
the trial court would have to consider not only her testimony, but also the previous testimony of
Evans as well as the information known to the State about Evans' testimony. Hughes, 4 S.W.3d at
5 ("the State's knowledge that its own witness will testify unfavorably is a factor the trial court must
consider when determining whether the evidence is admissible under Rule 403"). From the
comments made by counsel when making the "403, 404(b)" objection, it appeared that the rationale
for the objection was counsel's assertion that the charges discussed by Norris had been dismissed and
the testimony recanted. In these circumstances, we do not believe that the general "403, 404(b)"
objection apprised the trial court of the objection and argument now being asserted. 

 Finally, Starnes now asserts in the same point of error that the evidence admitted over his
Rule 403 objection constituted improper impeachment evidence because it was being offered to
refute an immaterial detail of Norris' earlier testimony. The claim of error raised on appeal is not
consistent with the objection raised before the trial court. Accordingly, it is not preserved for review. 

 We overrule points one and two. 

II. Admission of Child Victim's Videotaped Testimony

 In his third point of error, Starnes contends the trial court erred by admitting the videotaped
testimony of another victim, F.E. (2) 

 A. Starnes Forfeited His Claim of a Rule 613 Violation

 Starnes contends the State failed to lay the proper predicate as outlined in L.M.W. v. State,
891 S.W.2d 754 (Tex. App.--Fort Worth 1994, no pet.), and Fields v. State, 966 S.W.2d 736 (Tex.
App.--San Antonio 1998), aff'd in part & rev'd & remanded in part on other grounds, 1 S.W.3d 687
(Tex. Crim. App. 1999), for the admission of forensic interviews. (3) Starnes asserts the State failed
to lay a proper predicate by not first informing F.E. of the time and place when she gave the
videotaped statement and then giving her an opportunity to explain or deny the videotaped statement
as required by Rule 613, before being allowed to play the videotape of the child's forensic interview
to the jury. The State responds that Starnes did not raise this specific objection at trial and has,
therefore, waived this issue for appellate review. The State is correct.

 To preserve error for appellate review, the complaining party must make a timely and specific
objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). The complaining party
must then obtain an adverse ruling from the trial court. Tex. R. App. P. 33.1. And on appeal, the
point of error raised by the brief must correspond to the alleged error preserved at trial. Wilson, 71
S.W.3d at 349.

 At trial in this case, Starnes challenged the admission of F.E.'s videotaped forensic interview
on the basis that F.E. had not been placed under oath or otherwise admonished to speak truthfully
before the videotaped statement was taken. See Tex. Code Crim. Proc. Ann. art. 38.071, § 4(5)
(Vernon 2005). Later, Starnes objected additionally that it was not shown the person taking the
videotaped statement was the first person over eighteen that the witness told about the abuse and that
there was no testimony to impeach. On appeal, Starnes now contends that admitting the videotape
violated Rule 613 because the witness was not asked if she admitted the statement. But this
appellate claim of error is different from the objection raised during trial. Accordingly, Starnes did
not preserve this claim for appellate review. Cf. Wilson, 71 S.W.3d at 349.

 B. The Record Supports the Trial Court's Admission of the Videotape

 Had the issue been preserved for appeal, it would not have been found as error to admit the
videotape statement of the child. The trial court admitted the child's videotape-recorded statement
as impeachment evidence. Tex. R. Evid. 613(a). Starnes claims the trial court abused its discretion
by admitting the videotape of F.E.'s interview when F.E. did not specifically deny making the
statement and therefore there was no reason to allow the videotaped statement as impeachment
evidence. We review a trial court's decision to admit or exclude evidence for abuse of discretion. 
Osbourn v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002). A trial court abuses its discretion
if it acts outside the zone of reasonable disagreement. Burden v. State, 55 S.W.3d 608, 615 (Tex.
Crim. App. 2001). 

 At trial, F.E. testified she had not talked with anyone, including her parents, about the case
except someone named "Spanky." While F.E. later acknowledged talking to the forensic interviewer
(who was not called "Spanky"), she denied talking to the interviewer about the case against Starnes. 
F.E. also repeatedly testified at trial that she did not want to discuss the allegations against Starnes. 
Starnes objected to the videotaped forensic interview as failing to meet the requirements of Article
38.071, Section 4(5) for admission as previously recorded testimony from a juvenile crime victim. 
The State informed the trial court that it sought to have the videotape admitted for impeachment
purposes, not pursuant to Article 38.071. 

 Rule 613 of the Texas Rules of Evidence permits the use of a prior inconsistent statement
to impeach a witness. In this case, F.E. denied talking with the forensic interviewer about the
allegations against Starnes. But the videotape shows F.E. did discuss the allegations against Starnes
with the forensic interviewer. If the witness unqualifiedly admits making the prior inconsistent
statement, it is improper to use other evidence for impeachment; the witness has been impeached by
his or her own testimony. See McGary v. State, 750 S.W.2d 782, 787 (Tex. Crim. App. 1988); see
also Tex. R. Evid. 613(a). If the admission is partial, qualified, or otherwise equivocal, or if the
witness claims to not remember making the prior statement, the prior statement is admissible for
impeachment purposes. See McGary, 750 S.W.2d at 786 n.3; Staley v. State, 888 S.W.2d 45, 49-50
(Tex. App.--Tyler 1994, no pet.); Miller v. State, 666 S.W.2d 269, 274 (Tex. App.--Dallas 1984,
pet. ref'd). Here, when questioned about her statement to the forensic interviewer, F.E. stated that
she did not talk to her about "the case" and answered, "I don't know" when asked what she and the
lady talked about. F.E. did not unequivocally admit to making any statement to the forensic
interviewer. Therefore, it was not error to admit her prior statements for impeachment purposes. 
See Ruth v. State, 167 S.W.3d 560, 566 (Tex. App.--Houston [14th Dist.] 2005, pet. ref'd). We
overrule Starnes' third point of error

III. Admission of E-Mails

 In his final point of error, Starnes contends the trial court erred by admitting electronic mail
messages as evidence of Starnes' prior bad acts, arguing, among other things, that admission was
excluded by reason of Rule 404(b) of the Texas Rules of Evidence. See Tex. R. Evid. 404(b). 

 On appeal, the appellant's brief should contain a clear and concise argument for the issue or
issues presented, with appropriate citations to the record for those issues presented. Tex. R. App.
P. 38.1(h). If an appellant fails to direct our attention to the location in the record wherein the
alleged error occurred, we may conclude the issue has been inadequately briefed and overrule it as
such. Ledbetter v. State, 208 S.W.3d 723, 735 (Tex. App.--Texarkana 2006, no pet.).

 In his brief to this Court, Starnes has made no effort to identify the location in the record
where the State sought to admit these e-mails. Nor has Starnes made any effort to show he objected
to the admission of these e-mails. Nor has Starnes made any effort to show he pursued any such
objection to the point of an adverse ruling, such as would be required to preserve this issue for
appellate review. Indeed, Starnes' briefing of this issue contains no citations to the reporter's record
whatsoever. Nor are any such citations on this issue included in his statement of the case or
statement of the facts. Such failures would allow this Court to conclude that the issue has been
inadequately briefed and overrule it. However, in the interest of justice, we have searched for and
found the references and will address the issue. 

 Starnes sent Jerald Evans two suggestive e-mail communications indicating his interest in
both homosexual and heterosexual relations. 

 Although relevant, evidence of other crimes, wrongs, or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). 
Evidence of other crimes or acts may be admissible if the evidence has relevance apart from its
tendency to prove the character of a person in order to show action in conformity therewith. 
Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990). It may be relevant to rebut a
defensive theory. Id. at 388. The State argues that the e-mails were admissible to rebut a defensive
theory of Starnes (that he was a falsely accused innocent victim). We do not believe that these
e-mails directly rebut such a defensive theory, but instead, their primary function was to prove
Starnes' character in order to show action in conformity therewith. Consequently, their admission
was error. 

 However, when judging the harmful nature of such error, we are governed by Rule 44.2 of
the Texas Rules of Appellate Procedure, which provides: "any other error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded." In this case, the State presented
evidence from a nurse who had examined the children. Not only did D.E. substantiate, to the nurse,
the allegations that Starnes had sexually assaulted him, but the nurse also testified that on medical
examination she found evidence of scarring in the rectal area consistent with forced penetration. In
light of the entire record as a whole, we find these e-mail communications at most had a slight effect,
and did not have a substantial effect in the jury's determination in this case. 

 Starnes also argues that the e-mail communications were (1) inadmissible hearsay and
(2)  their prejudicial effect substantially outweighed their probative value. We have not addressed
these issues as we find the admission of the e-mail communications did not constitute harmful error. 
The point of error is overruled. 

IV. Conclusion

 For the reasons stated, we overrule each of Starnes' issues and affirm the trial court's
judgment.



 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: April 26, 2007


Do Not Publish


1. Starnes does not argue the application of Rule 404(b) to this Court. 
2. Starnes was convicted of aggravated sexual assault of a child and indecency with a child in
trial court cause number 20924, appellate case number 06-06-00101-CR. F.E. is the named victim
in that case. Starnes' appeal of his conviction in that case is also pending before this Court and has
been addressed by way of a separate opinion issued this day.
3. Texas evidence rules allow impeachment by a prior inconsistent statement of the witness
if the witness is told of the contents of the statement, the time and place and the person to whom it
was made, and is afforded an opportunity to explain or deny the statement. If the witness
unequivocally admits having made the statement, extrinsic evidence of same shall not be admitted. 
Tex. R. Evid. 613.