Albert L. PAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 60432.

Court of Criminal Appeals of Texas,
Panel No. 1.

April 1, 1981.

Rehearing Denied May 13, 1981.

Joe Petronis, Killeen, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at 28 years.

In his third ground of error appellant challenges the admission of his confessions. Before they were admitted, the court held a hearing on whether appellant was properly warned before the statements were given, and on whether he was threatened or coerced. He then dictated his findings and later entered an order to the effect that the confessions were made freely and voluntarily after a valid waiver of his rights. After the conclusion of the hearing and after the court's ruling, presentation of evidence to the jury resumed. When the State offered the confessions as evidence for the jury, a new ground of objection was raised by appellant:

"Your Honor, we object to the introduction of this due to the fact there has been no evidence to prove that [appellant] really understood or was not under the mental defect that he had, went to Rusk for."

This was a clear reference to earlier proceedings in the case.

On June 14, 1976, less than two months after the confessions were taken, a jury found appellant incompetent to stand trial. This court has stated that a mental defect may be significant enough to render

a confession inadmissible. See *Casias v. State*, Tex.Cr.App., 452 S.W.2d 483, 488. The jury that found appellant incompetent to stand trial reached its decision under a charge instructing them:

"... a person is deemed incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or, a rational as well as factual understanding of the proceedings against him."

Appellant's objection to admission of the confessions was directed to the issue of whether he was *mentally competent* to understand and waive his rights when he made his confession. Although the ground of error asserts the confessions should have been excluded from evidence, we will address the preliminary issue of the trial court's action overruling the objection without conducting a hearing on the issue raised by this objection. The issue we now address, under the decision in *Figueroa v. State*, 473 S.W.2d 202, will be considered in the interest of justice. Art. 40.09(13), V.A. C.C.P.

We quote the controlling law on this issue as it has been stated in two prior decisions of this Court. In *Reed v. State*, Tex.Cr. App., 518 S.W.2d 817, the Court wrote:

"The record reflects that the following objection was voiced by appellant:

"'MR. NAHAS: At this time, Your Honor, I am going to object to any conversations that this witness may have had anytime with the Defendant for the reason the Defendant was under arrest and he was not taken before a Magistrate for a proper judicial warning and further I object to any oral conversations which have not been reduced to writing after being given a judicial warning.'

"Appellant's objection was overruled by the court, and the record reflects that the officer subsequently testified that appellant admitted he was with Murphy when the house was burglarized. Schofner further testified that as a result of his conversation with appellant, the television was recovered.

"Article 38.22, Section 2, V.A.C.C.P., provides in part:

"'In all cases where a question is raised as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions. If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause.'

"We find that the voluntariness of the confession was sufficiently raised by appellant's objection to require a hearing outside the presence of the jury in compliance with Art. 38.22, Sec. 2, V.A.C.C.P. It was not only incumbent upon the trial court to hold such a hearing, but to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made. Art. 38.22, Sec. 2, V.A.C.C.P.; *Moore v. State*, supra; *Harris v. State*, Tex.Cr.App., 465 S.W.2d 175; *Davis v. State*, Tex.Cr.App., 499 S.W.2d 303."

In *Moore v. State*, Tex.Cr.App., 505 S.W.2d 887, the Court wrote:

"The objection challenging the voluntariness of the confession or statement even without a specific request for a hearing outside the presence of the jury sufficiently raised the question making it incumbent upon the Court to comply with the requirements of Article 38.22, Section 2, V.A.C.C.P. See *Harris v. State*, 465 S.W.2d 175 (Tex.Cr.App.1971) (with Judge Douglas dissenting).

"The Court's failure, prior to the admission of appellant's oral confession, to conduct a hearing in the absence of the jury and to make manifest of record findings of fact and conclusions of law that the oral confession was voluntarily made was error. Article 38.22, Section 2, V.A. C.C.P.; *Davis v. State*, 499 S.W.2d 303 (Tex.Cr.App.1973)."

These authorities make it clear that *the trial court has the duty, even in the absence of a specific request for a hearing, to respond to an objection to the voluntariness of a confession by holding a hearing on the issue* and making express findings of fact and conclusions of law that decide the issue. In this case, although the trial court had held a hearing and entered findings in response to an earlier objection to the voluntariness of the confessions, at the time the confessions were offered before the jury a new and entirely distinct ground of objection to the voluntariness of the confessions was raised. Under Art. 38.22, V.A.C.C.P., as applied in *Reed v. State*, supra, and *Moore v. State*, supra, the trial court had a duty to conduct a hearing on the issue. The court's failure to do so was reversible error. *Reed v. State*, supra; *Moore v. State*, supra.

The judgment is reversed and the cause remanded.