Robert Randall McNEILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 68205.

Court of Criminal Appeals of Texas, En Banc.

March 9, 1983.

Rehearing Denied June 1, 1983.

H.J. Ledbetter, Jr., Abilene, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of burglary of a building; the punishment is imprisonment for 3 years.

The appellant asserts that error was committed when the trial court "refused his request for a *Jackson v. Denno* hearing" prior to admitting his confession in evidence.

When raised an accused is entitled to a hearing on the voluntariness of any statement or confession under both the Constitution of the United States and Article 38.22, Section 6 V.A.C.C.P. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908 (1964); *Moore v. State,* 505 S.W.2d 887 (Tex.Cr.App.1974); *Ladd v. State,* 629 S.W.2d 139 (Tex.App.—Dallas 1982). Although there is no constitutional requirement that the hearing be in the absence of the jury; *Pinto v. Pierce,* 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967); Article 38.22, Section 6 V.A.C.C.P. provides the hearing will be in the absence of the jury. It was the practice in this state before *Jackson v. Denno,* supra, and the statutory requirement to grant a hearing in the absence of the jury to determine whether a confession was admissible if a question concerning its voluntariness was raised. *Davis v. State,* 185 Tex.Cr.R. 456, 308 S.W.2d 880

(Tex.Cr.App.1958); *Bingham v. State,* 97 Tex.Cr.R. 594, 262 S.W. 747 (Tex.Cr.App. 1924).

■ It is clear that the trial court has the duty, even in the absence of a specific request for a hearing, to respond when an issue is raised concerning the voluntariness of a confession by holding a hearing and making express findings of fact and conclusions of law on the issue. *Page v. State,* 614 S.W.2d 819 (Tex.Cr.App.1981); *Reed v. State,* 518 S.W.2d 817 (Tex.Cr.App.1975); *Moore v. State,* supra.

The following colloquy occurred during the trial:

[PROSECUTOR]: "Your Honor, we offer into evidence State's Exhibit No. 3. [Appellant's written confession]

[DEFENSE COUNSEL]: "Your Honor, prior to State's Exhibit No. 3 being admitted into evidence, we would request the court to hold a *Jackson vs. Denno* hearing concerning the voluntariness of this, and we would request that the jury be allowed to remain in the courtroom for this hearing.

THE COURT: "Your motion for a *Jackson vs. Denno* hearing will be denied. There was a pre-trial held in this case back on November 7, 1980.

[DEFENSE COUNSEL]: "All right, sir. Please note our exception. We have no other objection other than that one.

THE COURT: "It will be admitted." The appellant's counsel also asked, and the court refused to allow him, to make a bill of exception on the denial of the *Jackson v. Denno* hearing.

The trial court's position appears to have been that appellant waived his right to the hearing on the voluntariness of the confession during trial, because he had been given an opportunity to file a motion and have a pre-trial hearing on the voluntariness of the confession. There is in the record an instrument designated as a "Pre-trial Order" setting the time for filing motions and the time for pre-trial hearing as contemplated by Article 28.01 V.A.C.C.P.[1] However, the record does not reflect that the provisions of Section 3 of Article 28.01 V.A.C.C.P. concerning the service of notice of the pre-trial hearing were followed. Therefore, we need not decide whether the appellant waived a hearing on the voluntariness of the confession during trial by not filing a motion to suppress and having the matter heard pre-trial. It appears that the provisions of Article 28.01 V.A.C.C.P. generally have not been considered mandatory, at

1. "Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters:

" . . . .

"(6) Motions to suppress evidence—When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;

" . . . .

"Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

"Sec. 3. The notice mentioned in Section 2 above shall be sufficient if given in any one of the following ways:

"(1) By announcement made by the court in open court in the presence of the defendant or his attorney of record;

"(2) By personal service upon the defendant or his attorney of record;

"(3) By mail to either the defendant or his attorney of record deposited by the clerk in the mail at least six days prior to the date set for hearing. If the defendant has no attorney of record such notice shall be addressed to defendant at the address shown on his bond, if the bond shows such an address, and if not, it may be addressed to one of the sureties on his bond. If the envelope containing the notice is properly addressed, stamped and mailed, the state will not be required to show that it was received."

least upon the court. *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App.1974); *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977); *Bell v. State,* 442 S.W.2d 716 (Tex.Cr.App. 1969); *Bosley v. State,* 414 S.W.2d 468 (Tex. Cr.App.1967). See also *Writt v. State,* 541 S.W.2d 424 (Tex.Cr.App.1976) and *Roberts v. State,* 545 S.W.2d 157 (Tex.Cr.App.1977).

 On the record before us it appears the court was on notice that the appellant wanted a hearing on the voluntariness of his confession, even though it was coupled with a request to hear the matter in the presence of the jury. Considering the provisions of Article 38.22, Section 6 V.A.C. C.P., which provides the hearing shall be held in the absence of the jury, the court should have retired the jury and held a hearing on the voluntariness of the confession to determine its admissibility before admitting it before the jury. *Page v. State,* supra; *Reed v. State,* supra; *Moore v. State,* supra.

The judgment is reversed and the cause remanded.

Opinion approved by the court.