Donald Wayne Johnson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-337-CR

     DONALD WAYNE JOHNSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court No. 4
Tarrant County, Texas
Trial Court # 0363902A
                                                                                                                

O P I N I O N
                                                                                                                
 
      Appellant Johnson appeals his conviction for murder, for which he was sentenced to 30 years
in the Texas Department of Criminal Justice—Institutional Division.
      On the night of January 1, 1989, Appellant was with Tony Gilliam. They decided to buy
some crack cocaine. They were in a neighborhood where drugs could be bought. Appellant and
Gilliam approached Thurman Bender (the deceased), who was sitting on a bicycle, and asked to
purchase cocaine. Bender refused to sell Appellant a $10 rock of cocaine for $6, which was all
the money Appellant and Gilliam had. Appellant then placed the barrel of a handgun against the
side of Bender's body and shot him. Bender died from the gunshot wound he received.
      Appellant was indicted for Bender's murder on May 11, 1989. He was arrested and made
bond. A court date was set for November 13, 1989. Appellant did not show up for his court date,
but instead fled from Texas and settled in Seattle, Washington. His bond was forfeited and a
warrant was issued for his arrest. He was found and arrested in the city of Seattle on January 1,
1996, seven years after the date he killed Bender. He gave a false name and false date of birth at
the time of his arrest in Washington state, but his identity was discovered and he was returned to
Texas for trial. At trial he was convicted of murder by a jury, and he elected to have the judge
assess his punishment. The judge sentenced him to 30 years in prison.
      Appellant does not challenge the legal or factual sufficiency of the evidence. He appeals on
three points of error:
      Point I: "The trial court abused its discretion by allowing the state to elicit specific facts of
an extraneous offense through cross-examination of Appellant."
      Appellant testified in his own defense. He testified that he shot Bender as the result of an
accident, or as the result of a need to defend himself from Bender who, he testified, had a knife
raised to strike him.
      During cross-examination of Appellant by the State, the following took place:
            PROSECUTOR: You never fired a weapon other than the time you shot Thurman
Bender"
 
            DEFENDANT:  That was the first time I ever fired a weapon. 
 
            PROSECUTOR: Were you ever involved in a shootout other than the time you fired the
weapon [above testified about].
 
            DEFENDANT:  I think over the years, I was-- I had shot--
 
            DEFENSE COUNSEL:   I am going to object to that as an extraneous offense.
 
            THE COURT:    Overruled.
 
            DEFENDANT:  Yes sir, I've fired a shotgun.
 
            PROSECUTOR: And were there other people shooting at the same time as well, isn't
that right?
 
            DEFENDANT:  Yes sir, it was.
 
            PROSECUTOR: So you're familiar with shooting and the use of weapons both in crimes
and in ordinary street violence, aren't you?
 
            DEFENDANT   I'm familiar with shootings, but not often.

      Evidence of an extraneous offense committed by the defendant on trial is admissible to rebut
his defense theory. Montgomery v. State, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990); Easter
v. State, 867 S.W.2d 929, 937 (Tex. App.—Waco 1993, pet. ref'd); Blevins v. State, 884 S.W.2d
219, 229 (Tex. App.—Beaumont 1994, no pet.).
      The trial court did not abuse its discretion in admitting the testimony. Knox v. State, 934
S.W.2d 678, 682 (Tex. Crim. App. 1996).
      Point I is overruled.
      Point II: "The trial court abused its discretion by allowing the State to impeach Appellant
with a conviction that was more than ten years old."
      During cross-examination of Appellant, the following occurred:
            PROSECUTOR: You were convicted on the 30th of July 1985, in Criminal Court No.
4, Tarrant County, of a felony, to-wit: delivery of a controlled
substance, namely, heroin of less than 28 grams, isn't that correct:
 
            DEFENDANT:  Yes, sir.
 
            PROSECUTOR: And that conviction was final prior to your conviction of another
offense, that being--
 
            DEFENSE COUNSEL:   We object to the introduction of that as being too remote.

      After this exchange Appellant admitted he had been previously convicted of robbery in May
1973.
      Appellant did not object to the introduction of the evidence of the 1985 conviction but was
objecting to the evidence of his 1973 conviction for robbery. Or, if he was objecting to the 1985
conviction, he did not do so until after the question was answered.
      In either event he has waived any potential error for appellate review. Tex. R. App. P. 33.1;
Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).
      The trial court did not abuse its discretion by admitting the evidence of Appellant's 1985
conviction.
      Point II is overruled.
      Point III: "The trial court erred by allowing the State to impeach Appellant with prior
statements allegedly made to a police officer without holding a hearing to determine if the
statements were voluntarily given."
      The trial court allowed the State to attempt to impeach Appellant regarding Appellant’s prior
inconsistent statements without first conducting a voluntariness hearing outside the presence of the
jury. The trial court should have conducted a hearing to determine if the statements were
voluntary. McNeill v. State, 650 S.W.2d 405, 407 (Tex. Crim. App. 1983).
      However, Appellant has waived any error in the admission of his statements by failing to
object when the same evidence was elicited from a different source during a later part of the trial. 
Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996).
      At trial Appellant was asked if he recalled making a statement to Officer Mahaffey after his
arrest in Seattle, Washington, on January 2, 1996, that: "Marvin and I were looking to buy some
rock cocaine which I was heavily using at the time." Appellant responded that he was on
medication and was sedated and remembered nothing about making any statement regarding the
facts of the murder to Officer Mahaffey. 
      Officer Mahaffey, later in the trial after Appellant had rested, testified that Appellant in no
way appeared to be sedated; and testified as to statements made by Appellant after he was arrested
which included the statement, "Marvin and Appellant were looking for some rock cocaine"; that
Appellant had run from Texas because another person told him he would have run; that he did not
say he had run because he had been abused by officers in Texas or that he had a fear of officers
in Texas; and that he stated he knew he would be caught sooner or later."
      Appellant did not object to Officer Mahaffey's testimony.
      Thus, while Appellant originally preserved (during his own testimony) the issue of the trial
court's admission of the evidence, any potential error was waived and cured by Appellant's failure
to object when the same testimony was adduced from a different source, Officer Mahaffey. 
Ethington v. State, 819 S.W.2d 854, 859 (Tex. Crim. App. 1991).
      Moreover, the evidence complained-of was harmless under Tex. R. App. P. 44.2.
      Point III is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 23, 1998
Do not publish