Opinion issued July 3, 2002
















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00391-CR

____________


ROBERTO SOLIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court 

Harris County, Texas

Trial Court Cause No. 861552






O P I N I O N

 A jury found appellant, Roberto Solis, guilty of possession with intent to deliver
cocaine, weighing more than four grams but less than 200 grams. The trial court
assessed punishment at 30 years confinement. In four points of error, appellant
contends the trial court erred in: (1) admitting extraneous offense evidence during the
punishment phase, (2) admitting appellant's oral statements into evidence without
conducting a Jackson v. Denno (1) hearing, (3) admitting the search warrant and its
supporting affidavit into evidence, and (4) denying appellant's motion to suppress
evidence in violation of Franks v. Delaware. (2) We affirm.

Facts and Procedural Background

 Houston Police Narcotics Officer Diana Lott testified that, on August 18, 2000,
based on information obtained from a confidential informant, she and other Houston
Police officers executed a narcotics search warrant at appellant's house. Prior to
executing the warrant, Lott conducted surveillance on the house and observed, for
several hours, a steady stream of people entering the house, staying for a few minutes,
and then leaving. She stated that this activity was characteristic of houses used in
narcotics trafficking.

 Officer Lott testified that, before a confidential informant will be considered
credible and reliable by the Houston Police Department (HPD), the informant must
provide information which is then proven true in at least three instances. Only then
will an informant be registered with HPD. Lott worked with the informant in this case
on more than 10 prior occasions and found him to be credible and reliable. Lott could
not recall whether the informant had a criminal history because he was not a recently
registered informant. However, she testified that such informants typically have a
narcotics related criminal history.

 Officer Lott stated that, prior to the execution of the search warrant, the
informant participated in a controlled buy of cocaine from appellant's house. Lott gave
the informant $10 to enter appellant's home and buy crack cocaine, which the
informant then surrendered to Lott. Lott did not search the informant before the
informant entered the house. Lott paid the informant approximately $20 for making
the controlled buy. After the informant made the controlled buy, Lott obtained the
search warrant. After the execution of the warrant, Lott paid the informant
approximately $500, based on the amount of narcotics found at the location.

 Lott stated that, during the execution of the search warrant, after appellant was
secured and Houston Police Officer Alexander Moreria read appellant his legal rights
in Spanish, appellant told her where narcotics were located in the house. She described
the type and amounts of narcotics and their location throughout the house.

 Houston Police Officer P. K. Brean testified he helped to execute the search
warrant at appellant's house. Along with other officers, Brean entered the house and
encountered appellant and his brother, Carlos Solis, in the kitchen. Brean placed both
men on the floor, patted them down, and found a revolver on Carlos Solis. Brean saw
cocaine in plain view on glass trays on the kitchen counter, on a small glass container
on the window sill above the sink, and on a plate on the kitchen table. The cocaine was
found in both liquid and solid form. Based on his training and experience, Brean
testified that crack cocaine is made ready for distribution by cooling it in its liquid form
into a solid form. Brean found, on a kitchen shelf, a glass tube with what appeared to
be cocaine residue. He also found a loaded revolver inside a kitchen cabinet.

 Houston Police Officer Bobby Lott, (3) testified that, while aiding in the execution
of the search warrant, he secured appellant's wife, Idalia Ochoa. He also described the
type of narcotics found and their location throughout the house. He used a narcotics-trained dog to verify that money found in the house was contaminated with the odor of
narcotics. 

 Officer Moreria testified that he aided in the execution of the search warrant, saw
appellant and his brother in the kitchen, and helped to secure them both. Moreria, who
is fluent in Spanish, stated he made sure that appellant, Ochoa, and Carlos Solis
understood Spanish before he read them their legal rights in Spanish. Each indicated
to Moreria that they understood their rights by answering "si."

 Rosa Rodriguez, a chemist with the HPD Crime Laboratory, testified that the
narcotics seized from appellant's home consisted of marihuana, diazepam, 
carisoprodol, and approximately 25 grams of cocaine.

 In his defense, appellant presented the testimony of Carmela Solis Medina, his
sister, who stated that appellant, as a result of being beaten in an incident several years
earlier, has brain damage and a metal plate in his head. She further testified that
appellant takes medication for convulsions and seizures. She also testified that Carlos
Solis never "officially" lived with appellant.

Admission of Extraneous Offense

 In his first point of error, appellant contends the trial court erred in admitting
evidence of extraneous offenses, without prior notice by the State, during the
punishment phase of the trial. Appellant contends that, in violation of article 37.07,
section 3 of the Code of Criminal Procedure, he was "ambushed" by his son's
testimony that his son witnessed appellant consuming narcotics. We review the trial
court's ruling as to the admissibility of extraneous offense evidence under an abuse of
discretion standard. Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). Article 37.07, section 3(g) provides as follows:

 On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule
404(b), Texas Rules of Criminal Evidence. If the attorney representing
the state intends to introduce an extraneous crime or bad act that has not
resulted in a final conviction in a court of record or a probated or
suspended sentence, notice of that intent is reasonable only if the notice
includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad
act. The requirement under this subsection that the attorney representing
the state give notice applies only if the defendant makes a timely request
to the attorney representing the state for the notice.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp. 2002) (emphasis
added). To trigger the State's obligation to comply with the notice requirement in
article 37.07, a defendant may (1) serve the State with a request for notice, or (2) file
a discovery motion requesting the court to order such notice and secure a ruling
thereon. Mitchell v. State, 982 S.W.2d 425, 427 (Tex. Crim. App. 1998); Henderson
v. State, 29 S.W.3d 616, 625 (Tex. App.--Houston [1st Dist.] 2000, no pet.). The
defendant must make the request to the State for the notice. Padron v. State, 988
S.W.2d 344, 345 (Tex. App.--Houston [1st Dist.] 1999, no pet.).

 Here, appellant did not make a timely request to the State for notice or file a
discovery motion requesting notice of the intent to introduce extraneous offenses. 
Because appellant did not request notice, the State was not obligated to provide notice
of its intent to use evidence of extraneous acts of misconduct during punishment. 
Thus, any error concerning notice was waived. Tex. R. App. P. 33.1.

 We overrule appellant's first point of error.

Jackson v. Denno In his second point of error, appellant contends the trial court erred in admitting
into evidence, without conducting a Jackson v. Denno hearing, his oral statements
made to the officers at the scene. Appellant claims he raised the issue of the
voluntariness of his statements by objecting that there was no testimony that he spoke
Spanish at the time his legal rights were read to him only in Spanish.

 The Code of Criminal Procedure requires that "[i]n all cases where a question
is raised as to the voluntariness of a statement of an accused, the court must make an
independent finding in the absence of the jury as to whether the statement was made
under voluntary conditions." Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon
1979). A trial court must hold a hearing under this section if the defendant objects to
the statement as being involuntary, even if there is no specific request for a hearing. 
See McNeill v. State, 650 S.W.2d 405, 407 (Tex. Crim. App. 1983). Here, neither side
specifically requested, and the trial court did not hold, a Jackson v. Denno hearing. See
Tex. Code Crim. Proc. Ann. art. 38.22, § 6; Jackson, 378 U.S. at 380, 84 S. Ct. at
1783.

 After his legal warnings were read to him in Spanish, appellant made oral
statements to the officers regarding the location of narcotics throughout his house. 
Appellant objected to the introduction of the statements as follows: 

 [Prosecutor]: Now, did any of these suspects tell you where any narcotics
were located in that house?


 [Officer D. Lott]: Yes.


 [Appellant's counsel]: Objection, Your Honor. Hearsay. Refer to my
previously filed motion.


 [The Court]: That objection is overruled.


 . . . 


 [Prosecutor]: Now, where did he say there could be narcotics found?


 [Appellant's counsel]: Again, Your Honor, object to hearsay. Also result
of the poisonous tree and custodial interrogation without prior Miranda
Warnings. The witness states the warnings were given in Spanish and
there is no testimony that [appellant] even speaks Spanish. 


 [The Court]: That objection is overruled. 


 . . . 


 [Officer D. Lott]: He said there were some in the kitchen in the
windowsill. Maybe some powder cocaine in the sink. Said there's
baggies of crack cocaine in his bedroom dresser. Crack cocaine in the
small refrigerator in his bedroom. Marijuana on his dresser. And he
thought that was all, but sometimes he forgets things because he has brain
damage.


 Appellant's objection indicates that he may not have understood his legal rights
because they were stated in Spanish. Before any fact finding as to the voluntariness of
a statement is required, there must be some evidence that the statement was not
voluntary. Hernandez v. State, 978 S.W.2d 137, 140 (Tex. App.--Austin, 1998, pet.
ref'd). Nothing established that appellant did not voluntarily and knowingly waive his
legal rights. Neither appellant, nor any witness for appellant, testified that he did not
understand his legal rights. The testimony of the officers was that appellant
acknowledged he understood his legal rights. Officer Diana Lott testified that she
heard appellant speaking both Spanish and English. Officer Moreria read appellant his
legal rights in Spanish, and appellant responded, in Spanish, that he understood them. 
Because appellant did not raise the issue of voluntariness, a Jackson v. Denno hearing
was not required. We overrule appellant's second point of error.

Admission of Search Warrant and Affidavit

 In his third point of error, appellant contends the trial court erred in admitting
into evidence, over his hearsay objection, the search warrant and its supporting
affidavit. The affidavit contains quoted statements from the informant that he had seen
cocaine in appellant's house "on numerous occasions" and that appellant kept "a
quantity of crack cocaine ready for sale" in the house. Appellant argues that he was
harmed by the error.

 The State argues that the admission of the search warrant and its supporting
affidavit was not error because it was offered after appellant attacked, in his cross-examination of Officer Diana Lott, the underlying probable cause supporting the search
warrant. See Foster v. State, 779 S.W.2d 845, 857-58 (Tex. Crim. App. 1989). 
Alternatively, the State argues that any error was harmless.

 We note that an appellate court must disregard any error that does not affect the
substantial rights of an appellant in a criminal case. Tex. R. App. P. 44.2(b). A
substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997). A criminal conviction should not be overturned for non-constitutional error if an appellate court, after examining the record as a whole, has fair
assurance that the error did not influence the jury, or had but a slight effect. Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Without concluding that the trial court erred, we hold that any potential error in
admitting the search warrant and its supporting affidavit in this case was harmless. The
complained of statements in the affidavit that the informant had seen cocaine in
appellant's house "on numerous occasions" and that appellant kept "a quantity of crack
cocaine ready for sale" in the house were shown by other evidence. Officer Diana Lott
testified she conducted surveillance on appellant's house and, over several hours, saw
a steady stream of people entering it, stay for a few minutes, and then leave. She stated
this activity was characteristic of houses used in narcotics trafficking. There was also
testimony that appellant directed the officers to various locations in the house where
narcotics were found. In light of other properly admitted evidence that appellant was
trafficking in narcotics and, in fact, had a quantity of crack cocaine ready for sale, we
cannot conclude that the admission of the search warrant and its supporting affidavit
had a substantial or injurious influence on the jury's decision. See King, 953 S.W.2d
at 271.

 We overrule appellant's third point of error.

Franks v. Delaware

 In his fourth point of error, appellant asserts the trial court erred in denying his
motion to suppress evidence because there were material omissions of fact, in violation
of Franks v. Delaware, in the affidavit supporting the search warrant. Appellant argues
that the affidavit "omitted" the facts that (1) Officer Diana Lott was unaware whether
the informant had a criminal history and (2) the informant was paid for his "services." In Franks v. Delaware, the Supreme Court recognized that if an affirmative
misrepresentation is knowingly included in a probable cause affidavit in support of a
search warrant, and the misrepresentation is material and necessary to establishing the
probable cause, the warrant is rendered invalid under the Fourth Amendment. (4) Franks,
438 U.S. at 155-56, 98 S. Ct. at 2676. Appellant acknowledges that our Court of
Criminal Appeals has not recognized that a Franks analysis pertains to omissions as
well as false statements. See Massey v.State, 933 S.W.2d 141, 146 (Tex. Crim. App.
1996). However, he requests that we follow other Texas Courts of Appeals and certain
federal courts in doing so. See United States v. Martin, 615 F.2d 318, 328 (5th Cir.
1980); Heitman v. State, 789 S.W.2d 607, 610 (Tex. App.--Dallas 1990, pet. ref'd);
Melton v. State, 750 S.W.2d 281, 284 (Tex. App.--Houston [14th Dist.] 1988, no pet.).

 We decline at this time to address whether a Franks analysis pertains to
omissions from a probable cause affidavit in support of a search warrant. Even if we
were to make such a holding, appellant would have had the burden to demonstrate by
a preponderance of the evidence that a material omission was made intentionally or
with a reckless disregard for the accuracy of the affidavit. See Massey, 933 S.W.2d at
46. He further would have had to show that the affidavit, if supplemented with the
omitted information, would not be sufficient to support a finding of probable cause. 
Hackleman v. State, 919 S.W.2d 440, 449 (Tex. App.--Austin, 1996, pet. ref'd).
Appellant has failed to do either. We overrule appellant's fourth point of error. Conclusion

 We affirm the judgment of the trial court.


 Terry Jennings

 Justice



Panel consists of Justices Hedges, Jennings, and Price. (5)


Do not publish. Tex. R. App. P. 47.

1. Jackson v. Denno, 378 U.S. 368, 380, 84 S. Ct. 1774, 1783 (1964).
2. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978).
3. Officer Bobby Lott and Officer Diana Lott are husband and wife.
4. U.S. Const. amend. IV.
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.