NO. 07-09-00158-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



APRIL
23, 2010

 



 

MEGAN CRITTENDEN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF LUBBOCK COUNTY;

 

NO. 2008-450,254; HONORABLE DRUE FARMER, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Megan Crittenden, was
convicted of driving while intoxicated (DWI)[1]
and sentenced to 90 days confinement in the Lubbock County Jail.  Appellant appeals,
contending that the trial court committed reversible error by not conducting a
hearing outside the presence of the jury regarding the voluntariness of her
confession.  Further, appellant
alleges that the trial court committed reversible error by failing to grant a
jury instruction pursuant to article 38.23(a) of the Texas Code of Criminal
Procedure.[2]  We affirm.

Factual and Procedural Background

            Appellant
was arrested for the offense of DWI on March 24, 2006, while driving her car on
the Texas Tech University campus. 
According to Officer Wainscott of the Texas
Tech University Police Department, he first observed appellant driving at a
speed faster than the posted speed limit, but was unable to verify his
observation by radar or by pacing appellant’s car.  Wainscott followed
appellant’s car for a short distance. 
During this time, Wainscott testified, he
observed the car weave within its lane of travel and ultimately pull up to a
stop sign, where it failed to come to a complete stop before proceeding.  At this moment, Wainscott
activated his emergency lights and pulled appellant over.  

            Wainscott proceeded to question appellant and, as a result
of the questioning, determined she had been consuming alcoholic beverages.  After asking appellant to exit the car, Wainscott proceeded to administer a number of field
sobriety tests.  Based upon her
performance in completing the field sobriety tests, Wainscott
decided to arrest appellant for DWI. 
Appellant was asked to give a breath specimen for testing purposes and
agreed.  After appellant was transported
to the Lubbock County Jail, an intoxilyzer test was
administered to appellant.  The record
reflects that the result of the test was above the legal limit at .109.

            After
being charged with the DWI, appellant and trial counsel initially reached an
agreement with the State that appellant would enter a pre-trial diversion
program.  According to the record,
appellant applied for pre-trial diversion on August 30, 2006.  Appellant was accepted into the program, and
the program contained a number of terms and conditions.  Among those were that she avoid
the use or possession of alcohol or alcoholic beverages for 24 months.  Additionally, she was not to go to
restaurants and bars that had, as their primary source of income, the sale of
alcohol or alcoholic beverages.  The
pre-trial diversion program also required that appellant acknowledge and waive
her constitutional rights and sign a judicial confession.  Appellant’s application further acknowledged
that, should she fail to complete the pretrial diversion program, the charges
would be refiled and the judicial confession could be
used against her.  Appellant agreed to
the terms and, subsequently, on December 21, 2007, appellant’s charges were
dismissed.  

            On
April 25, 2008, appellant was arrested for a subsequent offense.  As a result of this arrest, the original DWI
charges were refiled and the case tried.  That trial resulted in appellant’s conviction
for DWI and sentence of 90 days in the Lubbock County Jail.  Appellant, by two issues, attacks the
judgment of conviction.  We disagree with
appellant and affirm the trial court’s judgment.

Trial
Court’s Failure to Hold Hearing on

 Voluntariness of Appellant’s Confession

            Appellant’s
first issue contends that the trial court committed reversible error because it
failed to conduct a hearing outside the jury’s presence about the voluntariness
of appellant’s confession.  See
art. 38.22, § 6. 
The confession at issue is the judicial confession contained in
appellant’s application for pre-trial diversion.  

Preservation of Error

            Prior
to reaching the merits of appellant’s contention, we must consider whether
appellant has properly preserved this issue for appeal.  We must take this preliminary step for two
reasons.  First, the statute requires the
hearing which appellant contends was lacking only in cases “where a question is
raised as to the voluntariness of a statement of an accused . . . .”  Id. 
Therefore, if the issue of voluntariness is not brought to the trial
court’s attention, there is no requirement for a hearing.  Secondly, the courts in Texas recognize that
“preservation of error is a systemic requirement that must be reviewed by the
courts of appeals regardless of whether the issue is raised by the
parties.”  Haley v.
Smith, 173 S.W.3d 510, 515 (Tex.Crim.App. 2005).  While, here, the issue of preservation has
been raised by the State, Haley simply reinforces the requirement and
the reason for the requirement of preservation. 
According to our appellate rules, in order to preserve a complaint for
appellate review, an appellant must have made a timely objection or motion that
“stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the
complaint.  See Tex. R. App. P. 33.1(a)(1)(A).

            Appellant
points out that there are three ways in which a defendant can raise the issue
of voluntariness of a confession in order to trigger the requirements of article
38.22, section 6.  An explicit request
for a hearing on the matter can be made. 
See  McNeill
v. State, 650 S.W.2d 405, 407 (Tex.Crim.App.
1983).  Or, an appellant can make an
explicit objection on the grounds of voluntariness of the confession.  See Wicker v. State, 740 S.W.2d 779, 782 (Tex.Crim.App.
1987).  Finally, an appellant can,
through objections, motions, or the evidence presented, draw the attention of
the trial court to a factual scenario that presents the question of whether the
statement was made voluntarily.  See
Reed v. State, 518 S.W.2d 817, 820 (Tex.Crim.App.
1975) (concluding that the context of the objection made, based on the custody
of the defendant and the fact that the defendant was not taken before a
magistrate for judicial warnings, spoke to the issue of voluntariness); see
also Page v. State, 614 S.W.2d 819, 819-20 (Tex.Crim.App.
1981) (equating the issue of mental competency of appellant to waive his rights
while confessing to a challenge as to the voluntariness of the
confession).  With this background, we
begin to look at the precise objections appellant made to the use of the
confession. 

First, appellant contends that there
was a pre-trial motion that requested a hearing be held outside the presence of
the jury regarding the admissibility of appellant’s prior statements.  To state the obvious, an appellant’s
statement could be inadmissible for any number of reasons.  In this case, a review of the motion reveals
that it is a boiler-plate motion that lists every possible objection that a
similarly situated appellant could make to the admission of a statement.  Specifically, paragraph III of the motion
states that:

This request is based on the Fifth, Sixth and Fourteenth Amendments to
the United States Constitution, Article I, Section 10 and 19 of the Texas
constitution, and Articles 1.04, 1.05, 1.051(a), 38.21, 38.22, and 38.23 of the
Texas Code of Criminal Procedure.

At the pre-trial hearing, the issue
of the motion was discussed; however, nowhere in the discussion did the subject
of voluntariness of appellant’s confession ever appear.  In fact, the record reveals that the subject
of appellant’s confession was not even mentioned during the hearing; rather,
appellant’s counsel seemed focused on possible oral statements of appellant’s
that might appear on the in-car video of the arresting officer.  Under these facts, we cannot say that an
issue regarding the voluntariness of the confession was raised.  See art. 38.22, § 6.  

            Turning
our attention to the objections made at the time the State was offering
appellant’s confession, we see that trial counsel
lodged three separate objections.  First,
trial counsel objected that the introduction of the confession violated Rules
408 and 410 of the Texas Rules of Evidence. 
See Tex. R. Evid. 408, 410.[3]  Rule 408 deals with compromise and offers to
compromise.  Nothing in Rule 408
mentions, alludes to, or could be considered to encompass the voluntariness of
a confession.  Rule 410 deals with
inadmissibility of pleas, plea discussions, and related statements.  While it is correct that Rule 410 has an
application in criminal law, it is directed at the use of statements made
during unsuccessful plea negotiations.  See
Bowie v. State, 135 S.W.3d 55, 60-61 (Tex.Crim.App. 2004). 
Nothing in Rule 410 is directed at the voluntariness of an appellant’s
statement.  Therefore, we can be assured
that trial counsel’s initial objection did not put the trial court on notice
that appellant was seeking to contest the voluntariness of her confession.

            Trial
counsel next objected to the use of the confession based upon the contractual
nature of the pre-trial diversion agreement. 
According to this theory, since the State could withdraw the pre-trial
diversion agreement unilaterally, the contract is not only unilateral in nature
but is also an illusory contract.  Thus,
according to the appellant, the contract is an illegal contract.  Because no evidence obtained in violation of
the provisions of the laws of the State of Texas is admissible at trial under
the provisions of article 38.23, appellant reasons that the confession is not
admissible.  Without regard to whether article
38.23 even applies in this contractual arena, the point is that nothing in this
objection mentions or alludes to the voluntariness of appellant’s
confession.  Again, the trial court was
not put on notice that voluntariness of the confession was at issue.

            Finally,
the third objection lodged at trial was that the use of the confession was simply
a “backdoor-way of getting [appellant] to testify.”   By this objection, appellant contends that
the use of the confession by the State was simply a way to force appellant to
testify in derogation of her Fifth Amendment rights.  Whether this theory of appellant’s is correct
is of no moment, for the question is: Does this objection place the trial court
on notice that appellant contends that the confession was involuntarily
made?  The answer is no.  

            Having
reviewed the pre-trial motion and all three objections lodged at trial, we
conclude that appellant did not make an objection that “stated the grounds for
the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint.”  See Tex.
R. App. P. 33.1(a)(1)(A).  Accordingly, appellant’s issue preserves
nothing for review regarding the voluntariness of the confession.  Wilson v. State, 71 S.W.3d 346, 350 (Tex.Crim.App. 2002) (citing Thomas v. State, 723
S.W.2d 696, 700 (Tex.Crim.App. 1986)).  Appellant’s first issue is overruled.

Article 38.23 Instruction

            Appellant
next contends that the trial court committed reversible error when it refused a
request to instruct the jury pursuant to article 38.23.  The standard of review for jury charge error is set
out in Almanza v. State, 686 S.W.2d 157,
171 (Tex.Crim.App. 1984) (op. on reh’g),
and reaffirmed in Middleton v.
State, 125 S.W.3d 450, 453 (Tex.Crim.App.
2003).  We first determine if error
exists in the court’s charge.  Id. (citing Hutch v. State,
922 S.W.2d 166, 171 (Tex.Crim.App.
1996)).  If we find charge error, then we
analyze the error for harm with the type of harm analysis we employ dependent
on whether the error was preserved.  Id.  Under Almanza, for
preserved error, we must reverse if we conclude the defendant suffered
"some harm."  Almanza, 686 S.W.2d
at 171.  If error was not properly
preserved, we will reverse only if the record establishes, as a result of the
court’s error, the defendant suffered "egregious harm."  Id.         

Analysis

To determine if there has been error,
we turn to the seminal case of Madden v. State, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007). 
There, the Court of Criminal Appeals set forth three requirements to
obtain a charge pursuant to article 38.23, 

(1) The
evidence heard by the jury must raise an issue of fact;

(2) The
evidence on that fact must be affirmatively contested; and

(3) That
contested factual issue must be material to the lawfulness of the challenged
conduct in obtaining the evidence. 

Id.  

            Appellant’s
argument centers around Wainscott’s testimony that
appellant failed to come to a complete stop at the stop sign immediately before
he initiated the traffic stop.  At the
trial, the State introduced the video taken by Wainscott’s
in-car video camera.  Upon showing the
same to the jury, Wainscott pointed to the fact that,
if you watched the rear tires of appellant’s vehicle, you could see that they
never came to a complete stop. 
Appellant’s trial counsel vigorously cross-examined Wainscott
about this issue.  However, Wainscott’s testimony never changed.  Trial counsel also argued that, on the video,
you could hear appellant state that she knew the officer was back there and,
therefore, did come to a complete stop. 
However, our review of the video does not lead to that conclusion.  Appellant did start making a statement about
knowing the officer was behind her. 
However, she never finished the statement, and she cannot be heard
saying affirmatively that she stopped at the stop sign.  We are therefore left with a situation that
is much like that discussed in Oursbourn v.
State, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008),
where the Court of Criminal Appeals said that the factual dispute necessary for
a jury instruction, pursuant to article 38.23, “can be raised only by
affirmative evidence, not by mere cross-examination questions or argument.”  The court in Oursbourn
went on to point out a hypothetical that made the court’s position even
clearer.  The court said:

For example, the officer in our hypothetical may deny, on
cross-examination, that he held a gun to the defendant’s head to extract the
confession.  The implication by counsel,
that the officer did perform that act, does not, by itself, raise a disputed
fact issue.  But if the defendant (or
some other witness) testifies that the officer held a gun to his head, then a
disputed fact issue exists.  And the jury
must resolve that disputed fact issue.

Id.  Just as the court in Oursbourn, we do not have a disputed fact issue
raised by affirmative evidence.  See
Madden, 242 S.W.3d at 510.  All we
have is the cross-examination of the officer and the argument of counsel.  See Oursbourn,
259 S.W.3d at 177. 
Accordingly, the trial court did not err in denying the requested
instruction pursuant to article 38.23. 
Appellant’s second issue is overruled.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

Pirtle, J., concurring in
result only.  

 

 

            








 











[1] See Tex.
Penal Code Ann. § 49.04(a)
(Vernon 2003).

 





[2] Further reference to the Texas Code of Criminal
Procedure will be by reference to “art. ___” or “article ____.”





[3] Further reference to the Texas Rules of Evidence will
be by reference to “Rule ___.”