NO. 07-09-00158-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 23, 2010

---

MEGAN CRITTENDEN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2008-450,254; HONORABLE DRUE FARMER, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Megan Crittenden, was convicted of driving while intoxicated (DWI)[1] and sentenced to 90 days confinement in the Lubbock County Jail. Appellant appeals, contending that the trial court committed reversible error by not conducting a hearing outside the presence of the jury regarding the voluntariness of her confession. Further, appellant alleges that the trial court committed reversible error by failing to grant a jury

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003).

instruction pursuant to article 38.23(a) of the Texas Code of Criminal Procedure.[2]  We affirm.

Factual and Procedural Background

Appellant was arrested for the offense of DWI on March 24, 2006, while driving her car on the Texas Tech University campus.  According to Officer Wainscott of the Texas Tech University Police Department, he first observed appellant driving at a speed faster than the posted speed limit, but was unable to verify his observation by radar or by pacing appellant's car.  Wainscott followed appellant's car for a short distance.  During this time, Wainscott testified, he observed the car weave within its lane of travel and ultimately pull up to a stop sign, where it failed to come to a complete stop before proceeding.  At this moment, Wainscott activated his emergency lights and pulled appellant over.

Wainscott proceeded to question appellant and, as a result of the questioning, determined she had been consuming alcoholic beverages.  After asking appellant to exit the car, Wainscott proceeded to administer a number of field sobriety tests.  Based upon her performance in completing the field sobriety tests, Wainscott decided to arrest appellant for DWI.  Appellant was asked to give a breath specimen for testing purposes and agreed.  After appellant was transported to the Lubbock County Jail, an intoxilyzer test was administered to appellant.  The record reflects that the result of the test was above the legal limit at .109.

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. ___" or "article ____."

2

After being charged with the DWI, appellant and trial counsel initially reached an agreement with the State that appellant would enter a pre-trial diversion program. According to the record, appellant applied for pre-trial diversion on August 30, 2006. Appellant was accepted into the program, and the program contained a number of terms and conditions. Among those were that she avoid the use or possession of alcohol or alcoholic beverages for 24 months. Additionally, she was not to go to restaurants and bars that had, as their primary source of income, the sale of alcohol or alcoholic beverages. The pre-trial diversion program also required that appellant acknowledge and waive her constitutional rights and sign a judicial confession. Appellant's application further acknowledged that, should she fail to complete the pretrial diversion program, the charges would be refiled and the judicial confession could be used against her. Appellant agreed to the terms and, subsequently, on December 21, 2007, appellant's charges were dismissed.

On April 25, 2008, appellant was arrested for a subsequent offense. As a result of this arrest, the original DWI charges were refiled and the case tried. That trial resulted in appellant's conviction for DWI and sentence of 90 days in the Lubbock County Jail. Appellant, by two issues, attacks the judgment of conviction. We disagree with appellant and affirm the trial court's judgment.

Trial Court's Failure to Hold Hearing on
Voluntariness of Appellant's Confession

Appellant's first issue contends that the trial court committed reversible error because it failed to conduct a hearing outside the jury's presence about the

3

voluntariness of appellant's confession. See art. 38.22, § 6. The confession at issue is the judicial confession contained in appellant's application for pre-trial diversion.

Preservation of Error

Prior to reaching the merits of appellant's contention, we must consider whether appellant has properly preserved this issue for appeal. We must take this preliminary step for two reasons. First, the statute requires the hearing which appellant contends was lacking only in cases "where a question is raised as to the voluntariness of a statement of an accused . . . ." Id. Therefore, if the issue of voluntariness is not brought to the trial court's attention, there is no requirement for a hearing. Secondly, the courts in Texas recognize that "preservation of error is a systemic requirement that must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties." Haley v. Smith, 173 S.W.3d 510, 515 (Tex.Crim.App. 2005). While, here, the issue of preservation has been raised by the State, Haley simply reinforces the requirement and the reason for the requirement of preservation. According to our appellate rules, in order to preserve a complaint for appellate review, an appellant must have made a timely objection or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. See Tex. R. App. P. 33.1(a)(1)(A).

Appellant points out that there are three ways in which a defendant can raise the issue of voluntariness of a confession in order to trigger the requirements of article 38.22, section 6. An explicit request for a hearing on the matter can be made. See McNeill v. State, 650 S.W.2d 405, 407 (Tex.Crim.App. 1983). Or, an appellant can

4

make an explicit objection on the grounds of voluntariness of the confession. See Wicker v. State, 740 S.W.2d 779, 782 (Tex.Crim.App. 1987). Finally, an appellant can, through objections, motions, or the evidence presented, draw the attention of the trial court to a factual scenario that presents the question of whether the statement was made voluntarily. See Reed v. State, 518 S.W.2d 817, 820 (Tex.Crim.App. 1975) (concluding that the context of the objection made, based on the custody of the defendant and the fact that the defendant was not taken before a magistrate for judicial warnings, spoke to the issue of voluntariness); see also Page v. State, 614 S.W.2d 819, 819-20 (Tex.Crim.App. 1981) (equating the issue of mental competency of appellant to waive his rights while confessing to a challenge as to the voluntariness of the confession). With this background, we begin to look at the precise objections appellant made to the use of the confession.

First, appellant contends that there was a pre-trial motion that requested a hearing be held outside the presence of the jury regarding the admissibility of appellant's prior statements. To state the obvious, an appellant's statement could be inadmissible for any number of reasons. In this case, a review of the motion reveals that it is a boiler-plate motion that lists every possible objection that a similarly situated appellant could make to the admission of a statement. Specifically, paragraph III of the motion states that:

> This request is based on the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 10 and 19 of the Texas constitution, and Articles 1.04, 1.05, 1.051(a), 38.21, 38.22, and 38.23 of the Texas Code of Criminal Procedure.

5

At the pre-trial hearing, the issue of the motion was discussed; however, nowhere in the discussion did the subject of voluntariness of appellant's confession ever appear. In fact, the record reveals that the subject of appellant's confession was not even mentioned during the hearing; rather, appellant's counsel seemed focused on possible oral statements of appellant's that might appear on the in-car video of the arresting officer. Under these facts, we cannot say that an issue regarding the voluntariness of the confession was raised. See art. 38.22, § 6.

Turning our attention to the objections made at the time the State was offering appellant's confession, we see that trial counsel lodged three separate objections. First, trial counsel objected that the introduction of the confession violated Rules 408 and 410 of the Texas Rules of Evidence. See TEX. R. EVID. 408, 410.[3] Rule 408 deals with compromise and offers to compromise. Nothing in Rule 408 mentions, alludes to, or could be considered to encompass the voluntariness of a confession. Rule 410 deals with inadmissibility of pleas, plea discussions, and related statements. While it is correct that Rule 410 has an application in criminal law, it is directed at the use of statements made during unsuccessful plea negotiations. See Bowie v. State, 135 S.W.3d 55, 60-61 (Tex.Crim.App. 2004). Nothing in Rule 410 is directed at the voluntariness of an appellant's statement. Therefore, we can be assured that trial counsel's initial objection did not put the trial court on notice that appellant was seeking to contest the voluntariness of her confession.

---

[3] Further reference to the Texas Rules of Evidence will be by reference to "Rule ___."

6

Trial counsel next objected to the use of the confession based upon the contractual nature of the pre-trial diversion agreement. According to this theory, since the State could withdraw the pre-trial diversion agreement unilaterally, the contract is not only unilateral in nature but is also an illusory contract. Thus, according to the appellant, the contract is an illegal contract. Because no evidence obtained in violation of the provisions of the laws of the State of Texas is admissible at trial under the provisions of article 38.23, appellant reasons that the confession is not admissible. Without regard to whether article 38.23 even applies in this contractual arena, the point is that nothing in this objection mentions or alludes to the voluntariness of appellant's confession. Again, the trial court was not put on notice that voluntariness of the confession was at issue.

Finally, the third objection lodged at trial was that the use of the confession was simply a "backdoor-way of getting [appellant] to testify." By this objection, appellant contends that the use of the confession by the State was simply a way to force appellant to testify in derogation of her Fifth Amendment rights. Whether this theory of appellant's is correct is of no moment, for the question is: Does this objection place the trial court on notice that appellant contends that the confession was involuntarily made? The answer is no.

Having reviewed the pre-trial motion and all three objections lodged at trial, we conclude that appellant did not make an objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." See TEX. R. APP. P. 33.1(a)(1)(A). Accordingly,

appellant's issue preserves nothing for review regarding the voluntariness of the confession. Wilson v. State, 71 S.W.3d 346, 350 (Tex.Crim.App. 2002) (citing Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986)). Appellant's first issue is overruled.

Article 38.23 Instruction

Appellant next contends that the trial court committed reversible error when it refused a request to instruct the jury pursuant to article 38.23. The standard of review for jury charge error is set out in Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g), and reaffirmed in Middleton v. State, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). We first determine if error exists in the court's charge. Id. (citing Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996)). If we find charge error, then we analyze the error for harm with the type of harm analysis we employ dependent on whether the error was preserved. Id. Under Almanza, for preserved error, we must reverse if we conclude the defendant suffered "some harm." Almanza, 686 S.W.2d at 171. If error was not properly preserved, we will reverse only if the record establishes, as a result of the court's error, the defendant suffered "egregious harm." Id.

Analysis

To determine if there has been error, we turn to the seminal case of Madden v. State, 242 S.W.3d 504, 510 (Tex.Crim.App. 2007). There, the Court of Criminal Appeals set forth three requirements to obtain a charge pursuant to article 38.23,

(1) The evidence heard by the jury must raise an issue of fact;

8

(2) The evidence on that fact must be affirmatively contested; and

(3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

Id.

Appellant's argument centers around Wainscott's testimony that appellant failed to come to a complete stop at the stop sign immediately before he initiated the traffic stop. At the trial, the State introduced the video taken by Wainscott's in-car video camera. Upon showing the same to the jury, Wainscott pointed to the fact that, if you watched the rear tires of appellant's vehicle, you could see that they never came to a complete stop. Appellant's trial counsel vigorously cross-examined Wainscott about this issue. However, Wainscott's testimony never changed. Trial counsel also argued that, on the video, you could hear appellant state that she knew the officer was back there and, therefore, did come to a complete stop. However, our review of the video does not lead to that conclusion. Appellant did start making a statement about knowing the officer was behind her. However, she never finished the statement, and she cannot be heard saying affirmatively that she stopped at the stop sign. We are therefore left with a situation that is much like that discussed in Oursbourn v. State, 259 S.W.3d 159, 177 (Tex.Crim.App. 2008), where the Court of Criminal Appeals said that the factual dispute necessary for a jury instruction, pursuant to article 38.23, "can be raised only by affirmative evidence, not by mere cross-examination questions or argument." The court in Oursbourn went on to point out a hypothetical that made the court's position even clearer. The court said:

> For example, the officer in our hypothetical may deny, on cross-examination, that he held a gun to the defendant's head to extract the confession. The implication by counsel, that the officer did perform that act, does not, by itself, raise a disputed fact issue. But if the defendant (or some other witness) testifies that the officer held a gun to his head, then a disputed fact issue exists. And the jury must resolve that disputed fact issue.

Id. Just as the court in Oursbourn, we do not have a disputed fact issue raised by affirmative evidence. See Madden, 242 S.W.3d at 510. All we have is the cross-examination of the officer and the argument of counsel. See Oursbourn, 259 S.W.3d at 177. Accordingly, the trial court did not err in denying the requested instruction pursuant to article 38.23. Appellant's second issue is overruled.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.

Pirtle, J., concurring in result only.