Opinion issued September 12, 2002









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00067-CR

____________


OSASUYI KENNETH IDUMWONYI, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 847,695






O P I N I O N

 Appellant, Osasuyi Kenneth Idumwonyi, was charged with the felony offense
of theft of property valued at more than $20,000 and less than $100,000. (1) A jury
convicted appellant, and the trial court assessed punishment at 10 years confinement. 
The trial court suspended the execution of appellant's sentence, and placed him on
community supervision, ordering him to pay $62,889 in restitution to Compaq
Computers, perform 500 hours of community service, and serve 30 days in jail. We
affirm. 

Facts

 The record reflects that, in late 1999, Lisa McPherson, an internal investigator
for Compaq Computers Corporation, investigated the theft of approximately 20
computers from the company's warehouse in Cypress, Texas. She located seven of
the computers in Charlotte, North Carolina, by cross-referencing the serial numbers
of the stolen computers with the serial numbers that customers gave Compaq when
they called the company's customer and technical support departments. McPherson
discovered World Data Products, a computer reseller, sold the computers to a person
in Charlotte. After reviewing two purchase orders, she determined the computers
were sold to World Data Products by Meoz Corporation, a company owned and
operated by appellant.

 McPherson contacted Houston Police Sergeant Frank Quinn and told him about
the theft investigation involving appellant and the Meoz corporation. Quinn located
Meoz as a company that appellant was operating out of his residence at 11983 Swords
Creek Road in Houston. He prepared an affidavit and submitted it to a magistrate
who issued a warrant to search appellant's home. (2) On June 15th and 16th, 2000,
Quinn unsuccessfully attempted to execute the warrant. Thereafter, by telephone, he
contacted appellant's wife who told him that appellant maintained a business office
at 13940 Bammel Road in North Houston.

 Quinn, Sergeant Gartman, and Officer Dowling went to the Bammel Road
address to talk to appellant and inform him they had a search warrant for his
residence. When the officers arrived, appellant answered the door and invited them
inside. Once inside, the officers advised appellant that computers stolen from
Compaq had been traced to him, and they had a search warrant for his home. 
Appellant was very cooperative. During their conversation, appellant denied stealing
the computers, claiming he purchased several of the computers from Fro Dyer. 
Appellant did, however, admit that he was in possession of some computers that may
have been stolen. Subsequently, McPherson was called to appellant's business and
identified some of the computers as those stolen from Compaq's warehouse in
Cypress.

 Once the search of his business was completed, appellant agreed to take the
officers to his home and show them additional computers with supporting
documentation. The officers then drove appellant to his house, searched it, and found
more stolen Compaq computers.

 After the search of his house, appellant, Quinn, Gartman, and Dowling drove
to the police station. While at the station, appellant signed a written confession
stating he and Dyer agreed to sell Compaq computers. Appellant also admitted he
knew the computers he received from Dyer were stolen. The record further reflects
that, before appellant signed the confession, Quinn read appellant his statutory
warnings that were typed at the beginning of the confession. After appellant
acknowledged understanding the warnings, Quinn had him place his initials in the
margin next to each warning. (3)

 Subsequently, appellant testified no officer informed him of his rights. He
stated that he signed the written statement without reading it because he "was pressed
for time and wanted to go make an appointment."


Consent to Search

 In his first point of error, appellant claims the trial court erred in admitting
evidence of the stolen computers, which he contends were illegally seized from his
office. He argues the search violated his rights under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution (4) and Article I, sections 9,
10, and 19 of the Texas Constitution (5) because the officers searched his office without
a warrant and without his consent.

 The State maintains appellant failed to preserve error for review on appeal. It
argues that, at trial, appellant testified no officer told him about a search warrant
before the search of the business. Yet, on appeal, he asserts officers told him the
warrant was for his business. We disagree. While appellant's testimony is not
consistent, his attorney argued in both his written motion to suppress and at trial that
the officers presented the search warrant for his home in an effort to get his consent
to search his business. We conclude appellant has properly preserved error for review
on appeal. 

 When a motion to suppress is presented, the trial court is responsible for
processing the testimony and assigning credibility accordingly. Guzman v. State, 955
S.W.2d 85, 93 (Tex. Crim. App. 1997); Newhouse v. State, 53 S.W.3d 765, 768 (Tex.
App.--Houston [1st Dist.] 2001, no pet.). The appellate court's only role is to decide
whether the trial court improperly applied the law to the facts. Newhouse, 53 S.W.3d
at 768. Unless there was a clear abuse of discretion, we will not disturb the trial
court's findings. Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991);
Newhouse, 53 S.W.3d at 768. We review the evidence in the light that favorably
reflects the trial court's ruling and defer to that decision. Guzman, 955 S.W.2d at 89. 
 The State concedes the officers did not have a warrant to search the office; thus, the
State had the burden of proving the reasonableness of the search. Newhouse, 53
S.W.3d at 768.

 Under the Fourth and Fourteenth Amendments, a search conducted without a
properly issued warrant is not reasonable unless it falls within one of the well
established exceptions. Reasor v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000)
(citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44
(1973)). One such exception is when the suspect consents to the search. Reasor, 12
S.W.3d at 817. In that situation, the State must establish, by clear and convincing
evidence, that such consent to search was not coerced, but voluntarily given. 
Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). The trial court, in
arriving at its judgment, must consider all evidentiary conclusions that affect the
statement of consent. Reasor, 12 S.W.3d at 818.

 Appellant does not challenge the fact he consented to the search of his
business. Instead, appellant argues such consent was not voluntary because he claims
Quinn told him he had a warrant to search the business when, in fact, he only had a
warrant to search appellant's home. Unquestionably, a consent to search is not
voluntary if the officers securing the consent misrepresent that they possess a warrant
to search the premises for which no such warrant existed. Doescher v. State, 578
S.W.2d 385, 390 (Tex. Crim. App. 1978). 

 Appellant contends Quinn's testimony supports his argument and cites the
following portions of the record:

State: Did you tell [appellant] about the search warrant as
soon as you got to the Bammel North Houston
location or after he had already shown you where all
the property was?"


Sergeant Quinn: No. As soon as we got there, we told [appellant]
what the situation was about and explained it to him."


This testimony does not support appellant's contention that police told him that they
had a search warrant for his business. During appellant's cross-examination of
Quinn, he testified, "I told [appellant] the search warrant was for his residence."

 Because the trial judge was solely responsible for determining the credibility
and resolving factual inconsistencies, he was free to conclude that Quinn told
appellant that he had a warrant to search his house and appellant, after inviting the
officers into his business to discuss the situation, voluntarily showed them the stolen
computers. Guzman, 955 S.W.2d at 89; Newhouse, 53 S.W.3d at 768. Deferring to
the trial court's ruling on the facts, we conclude the court properly applied the law to
the facts, and thus, did not err in denying appellant's motion to suppress. Guzman,
955 S.W.2d at 89.

 We overrule appellant's first point of error.

Confession

 In his second point of error, appellant argues the trial court erred in admitting
his written confession because the evidence did not establish he was given his
Miranda (6) warnings prior to offering his statement. This failure, appellant maintains,
violated his rights under the United States (7) and Texas (8) constitutions.

 We apply the same standard of review as in appellant's first point of error. We
defer to the trial court's resolution of facts based on the credibility of witnesses. 
Guzman, 955 S.W.2d at 89.

 Quinn testified he informed appellant of his rights. Furthermore, Dowling
testified he was in the interview room and witnessed Quinn explaining appellant's
rights to him. The officers' credibility was challenged when appellant testified he
never received his Miranda warnings and he never read the confession before signing
it.

 The trial court made written findings that Quinn read appellant his rights under
Article 38.22 of the Texas Code of Criminal Procedure, (9) that appellant voluntarily
agreed to give a statement, and that he signed the statement in the presence of
Sergeants Quinn and Gartman and Officer Dowling. (10) The trial court also found that
the appellant "voluntarily, intelligently and knowingly waived his rights before his
statement" was given, and "no force, promises, threats or intimidation were used by
police authorities either before or during the taking of [appellant's] statement."

 Again deferring to the court's decision, we conclude the trial judge did not err
in finding appellant was informed of his rights and gave his statement knowingly and
voluntarily. Id. We also hold that, under the United States and Texas constitutions,
appellant's rights were not violated.

 We overrule appellant's second point of error.

Ineffective Assistance of Counsel

 In his third point of error, appellant contends he was denied effective assistance
of counsel because his attorney: (1) did not request a separate Jackson v. Denno (11)
hearing on the admissibility of his confession outside the presence of the jury, (2) did
not object to Sergeant Quinn's affidavit supporting the search warrant on the grounds
it contained hearsay, (3) did not request jury instructions on the legality of the
evidence seized at his business and home, and (4) did not object on "numerous
occasions" to incriminating and detrimental hearsay evidence.

 To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). Initially, we presume that all questionable actions by
appellant's trial counsel were considered by him and he acted accordingly as part of
his trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To
overcome this presumption, appellant must demonstrate counsel's representation fell
below an objective standard of reasonableness. Howland v. State, 966 S.W.2d 98,
104 (Tex. App.--Houston [1st Dist.] 1998), aff'd, 990 S.W.2d 274 (Tex. Crim. App.
1999). Second, appellant must establish that counsel's performance, if not considered
sound trial strategy, was so prejudicial that it deprived him of a fair trial. Howland,
966 S.W.2d at 104. Thus, appellant must show that a reasonable probability exists
that, but for counsel's unprofessional errors, the result of the proceeding would have
been different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d
at 104. The appellant has the burden to establish both of these prongs by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998); Davis v. State, 830 S.W.2d 762, 765 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd). We will consider the entire record provided, but not speculate
beyond. Jackson, 877 S.W.2d at 771.

 Appellant contends his attorney's failure to request a hearing outside the
presence of the jury on the admissibility of his confession constituted ineffective
assistance of counsel. Article 38.22 section 6 of the Texas Code of Criminal
Procedure provides, in pertinent part, "[i]n all cases where a question is raised as to
the voluntariness of a statement of an accused, the court must make an independent
finding in the absence of the jury as to whether the statement was made under
voluntary conditions." (12) A trial court must hold a hearing under this section if the
defendant objects to the statement as being involuntary, even if there is no specific
request for a hearing. McNeill v. State, 650 S.W.2d 405, 407 (Tex. Crim. App. 1983);
Greenwood v. State, 948 S.W.2d 542, 550 (Tex. App.--Fort Worth 1997, no pet.). 

 At trial, appellant and the officers gave conflicting testimony as to the
voluntariness of appellant's written confession. The trial court refrained from
admitting the statement into evidence until it held a hearing outside the presence of
the jury. That hearing was held at the end of the first day of trial. Only after the trial
court ruled that the confession was voluntary was the statement admitted into
evidence. The trial court, in all respects, complied with the requirement of the law;
thus, appellant's complaint that his attorney was deficient in this area is without
merit. See Howland, 966 S.W.2d at 104. 

 As to appellant's three other allegations of ineffective assistance, he presents
no authority for his argument except for a general statement of law regarding the
standards by which we evaluate ineffective assistance of counsel. Tex. R. App. P.
38.1(h); Mosley v. State, 983 S.W.2d 249, 255 (Tex. Crim. App. 1998); State v.
Mason, 980 S.W.2d 635, 641(Tex. Crim. App. 1998). Because appellant has not
demonstrated by a preponderance of the evidence how he was harmed by his
allegations of misconduct or that, but for his attorney's actions, the outcome of his
trial would have been different, he has failed to meet his burden. Howland, 966
S.W.2d at 104.

 We overrule appellant's third point of error.

Conclusion

 We affirm the judgment.

 


 Frank C. Price

 Justice


Panel consists of Justices Mirabal, Taft, and Price. (13)

Do not publish. Tex. R. App. P. 47.
1. See Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2002).
2. Appellant does not challenge the validity of the search warrant authorizing the
search of his residence.
3. Appellant initialed each of the following warnings: "(1) I have the right to
remain silent and not to make any statement at all and any statement I make
may and probably will be used against me at trial; (2) any statement I make
may be used against me in court; (3) I have the right to have a lawyer present
to advise me prior to and during any questioning; (4) if I am unable to employ
a lawyer, I have the right to have a lawyer appointed to advise me prior to and
during any questioning; and (5) I have the right to terminate the interview at
any time."
4. U.S. Const. amends. IV, V, XIV.
5. Tex. Const. art. I, §§ 9, 10, 19.
6. Miranda v. Arizona, 384 U.S. 436, 466, 86 S. Ct. 1602, 1624 (1966).
7. U.S. Const. amend. V.
8. Tex. Const. art. I, § 10.
9. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979). Article 38.22
encompasses all the Miranda rights, but also includes an additional right to
terminate the interview at any time. 
10. Appellant's motion to suppress was taken with the case and overruled during
the November 28, 2000 trial. The trial court entered its findings of fact and
conclusions of law that appellant's statement was voluntarily given on
December 20, 2000.
11. See Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774 (1964).
12. Tex. Code Crim. Proc. Ann. art. 38.22 §6 (Vernon 1979).
13. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.